### STATE v. WILLIAM MURPHY.

*Evidence—Larceny—Collateral Offence.*

1. Evidence of a "collateral offence" of the same character and connected with that charged in an indictment and tending to prove the *guilty knowledge* of the defendant, when that is an essential element of the crime, is admissible; *Therefore* on the trial of an indictment for the larceny of a hog, where the prosecutor testified that he identified the property, as his, in an enclosure of the defendant and demanded its delivery to him, *it was held* competent for the state to prove by the testimony of another witness that at the same time and place and in presence of prosecutor and defendant, such witness said, that the other hog therein was his and he then and there claimed and demanded it of defendant.

2. Remarks of ASHE, J., upon the *quo animo,* intent, design, guilty knowledge and *scienter*.

INDICTMENT for larceny tried at Fall Term, 1879, of PENDER Superior Court, before *Eure, J.*

The prosecutor testified on the trial, that shortly after losing one of his hogs, in the month of October or November, he went to the house of defendant to inquire after his lost hog; that he described the hog to the defendant and he said he had not seen any hog of that description; that in two or three days afterwards he went to the defendant's house to look after some hogs in a pen which he did not see on a former visit; that he found two hogs in a pen; one of them was his hog; the pen was on the defendant's premises, about thirty yards from the road, and near the workshop of the defendant. He informed the defendant that one of the hogs was his; the defendant claimed the hog, and gave as a reason for not delivering it to the witness that some other person would claim it; the hog was not marked.

One Register was introduced for the state and testified that he went with the prosecutor to the house of the de-

fendant, and was present when Jones, the prosecutor, claimed one of the hogs in the pen as his, and demanded it. This witness also testified that the other hog in the.pen was his, and he then and there claimed it, and demanded of the defendant to deliver it to him. This testimony was objected to by the defendant, but the objection was overruled and defendant excepted. There was a verdict of guilty and from the judgment thereon the defendant appealed.

*Attorney General*, for the State.
*Mr. D. J. Devane*, for defendant.

ASHE, J.  The only question presented by the appeal for our determination is, whether the court below committed an error in admitting the testimony of the witness Register, " that the other hog in the pen of the defendant was his hog, and he then and there claimed it and demanded the defendant to deliver it to him."

It is a fundamental principle of law, that evidence of one offence cannot be given in evidence against a defendant to prove that he was guilty of another. We have been unable to find any exception to this well.established rule ; except in those cases where evidence of independent offences have been admitted to explain or illustrate the facts upon which certain indictments are founded, as where in the investigation of an offence, it becomes necessary to prove the *quo animo*, the intent, design, or guilty knowledge, &c. In such cases, it has been held admissible to prove other offences of like character, as for instance, in indictments for passing counterfeit money, the fact that the defendant, about the same time, had passed other counterfeit money of like kind, has been uniformly held to be admissible to show the *scienter* or guilty knowledge. So on a charge for sending a threatening letter, prior and subsequent letters from the defendant to the person threatened, have been received in

evidence, explanatory of the meaning and *intent* of the particular letter, upon which the indictment is found. *Rex* v. *Boucher*, 4 C. & P., 562.

It the case of *Rex* v. *York*, R. & R. C. C., 531, it was held by the twelve judges, that if upon an indictment for malicious shooting it be questionable whether the shooting was by accident or design, evidence may be given that the prisoner at another time intentionally shot at the same person.

In Alabama it has been decided that "where the question of identity or intent is involved, or where it is necessary to show a guilty knowledge on the part of the prisoner, evidence may be received of other criminal acts than those charged in the indictment." *Yarborough* v. *State*, 41 Ala., 405; *Thorp* v. *State*, 15 Ala., 749.

On indictments for receiving stolen goods knowing them to be stolen, the prosecutor has been allowed to prove several acts of like character, with the view of showing therefrom a guilty knowledge on the part of the defendant. Whar. Cr. Law, § 639. But as was suggested by the author, there should be some evidence showing a link or connection between them.

In *Rex* v. *Davis*, 6 Car. & P., 117, on the trial of an indictment for receiving stolen goods, for the purpose of showing guilty knowledge of the defendant, evidence was admitted that other goods found at the same time in the house of the defendant, were stolen, although they were the subject of an indictment then pending. The judge before whom it was tried, said: "A particular line is now fixed upon. All is evidence with a view to the *scienter*. There is no excluding the other articles found. But I do not think you should go further." That is, that the evidence was admissible to show the *guilty knowledge* of the defendant, but for no other purpose. "It is important not to confound the principles upon which the two classes of cases rest. On the one hand it is admissible to produce evidence of a distinct

crime to prove *scienter,* or make out the *res gestæ,* or to exhibit a chain of circumstantial evidence of guilt in respect to the act charged. On the other, it is necessary strictly to limit the evidence to these exceptions, and to exclude it when it does not legitimately fall within their scope." Whar. Cr. Law, § 650.

From the investigation we have given the subject in reference to the case before us, we are led to the conclusion that where the " collateral offence " is of the same character and connected with that charged and tends to prove the *guilty knowledge* of the defendant, when that is an essential element of the crime, and especially when the evidence adduced to establish it constitutes a part of the *res gestæ,* as in this case, proof of it is admissible. There is no error. Let this be certified to the superior court of Pender county, &c.

PER- CURIAM.                                                    No error.