## R. S. GILMER v. EDWARD HANKS.

*Evidence—Fraud—Material Matter.*

1. Though the general rule in an action upon a note forbids the introduction of evidence of another and distinct transaction, yet where the two contracts are entered into about the same time to effect a common object, the terms and conditions of the one may be admitted as evidence to be considered by the jury in passing upon those of the other.

2. Proof of fraud must come from the party alleging it, and to avoid a contract the fraudulent representation must be of material matter resulting in damage. And if the fraud be such that had it not been practiced the contract would not have been made, then it is material; but if it be shown that the contract would have been made without fraud practiced, then it is not material.

(*Brink* v. *Black*, 77 N. C., 59; *Homesly* v. *Hogue*, 2 Jones, 391; *McLane* v. *Manning*, Winst. Eq., 60, cited and approved.)

CIVIL ACTION commenced before a justice of the peace and tried on appeal at Fall Term, 1880, of ALLEGHANY Superior Court, before *McKoy, J.*

The defence to the note sued on, the making of which is admitted, is, that its execution was obtained by false and fraudulent representations of the plaintiff's agent in regard to the consideration on which it is founded. The defendant says that at the sale of the estate of G. W. Hanks, (adjudged a bankrupt in the district court of the United States in Virginia,) by his assignee, one Jerry Gilmer, the plaintiff's said agent, represented to him that the plaintiff had recovered a judgment against the bankrupt in the superior court of Surry for upwards of two hundred dollars which was a lien upon his land and had also proved the debt in the bankrupt court, and upon this representation contracted to sell and assign said judgment to the defendant for one hundred and seventy-five dollars, and induced him to execute the note, the subject of the action. That before the

note became due he went to the county seat of Surry and there ascertained there was no such judgment against the bankrupt to be assigned, but a note only against him.

The following issues were submitted to the jury, to both of which they respond in the negative:

1. Was the execution of the paper writing declared on obtained by fraud or fraudulent representations on the part of the plaintiff or of his agent?

2. Was there an entire failure of consideration?

Judgment for plaintiff, appeal by defendant.

*Messrs. Merrimon & Fuller*, for plaintiff.
No counsel for defendant.

SMITH, C. J. Two exceptions only of the appellant are noted on the record, and require consideration; and these are, (1) to the admission of evidence, and (2) to the charge of the court.

The testimony of the defendant and of the said G. W. Hanks who was present when the contract was made, concurred in supporting the allegations in the answer, which were controverted by the plaintiff and in direct conflict with the testimony of his agent and witness. On the cross-examination of the last named witness for the defendant, he was asked if the defendant did not on the same day purchase another note of his from one Felts, which was wholly unsecured? The question after objection was allowed and the witness answered that the defendant did. The evidence is offered to disprove the allegation that the defendant desired or sought any security in purchasing claims against the bankrupt at the time, and that any such false representations as are alleged in superinducing the contract were necessary or in fact made, and to corroborate the plaintiff's denial.

The only objection which can be made to the testimony

is its irrelevancy and tendency to mislead. We think it is not obnoxious to this objection and was proper to be considered by the jury in ascertaining the truth of the transaction and the credit to be given to the conflicting testimony. To prove fraud in the execution of a mortgage it was held competent to show that the mortgagor made a mortgage the previous year of property of the same kind, and thereafter remained in possession dealing with it and treating it as his own. "These facts and circumstances in connection with the kiln of brick, in 1872," remarks the late Chief Justice, "constituted not only some evidence, but very strong evidence of an intention that the kiln of 1873, was to go in the same way as the kiln of 1872." *Brink* v. *Black*, 77 N. C., 59. See also 3 Wait. Act. & Def., 447.

The defendant is engaged in buying up claims against the bankrupt and at the sale purchases for one hundred and fifty dollars his land worth twelve hundred dollars, and the two·contracts to effect a common object are entered into about the same time. Such an association seems to furnish some presumption that the same terms and conditions would enter into each, and thus except the case from the operation of the general rule which forbids evidence of another and distinct transaction to be introduced. *Homesly* v. *Hogue*, 2 Jones, 391 ; 1 Greenl. Ev., § 50.

2. The court charged the jury, that a docketed judgment in Surry could create no lien on land in Virginia; that a fraudulent representation to avoid a contract must be of material matter resulting in damage, and that the proof of fraud must come from the party alleging it, and none had been offered to show the debt had not been proved in bankruptcy.

The exception is not pointed to any particular part of the instruction, as according to the practice it should, and is general in its reference. But we see no error in the charge and it is fully supported by the authorities.

The execution of the note being admitted, the evidence to impeach the validity must be produced by the defendant. *McLane* v. *Manning,* Winst. Eq., 60. " All the authorities are uniform," says a late author, "in holding that in order to sustain an allegation of fraud by false representation, the representation must be of some matter or thing material to the contract or transaction sought to be avoided because of it." 3 Wait's Act. and Def., 439. The rule deducible from the adjudicated cases, he thus announces: " If the fraud be such that had it not been practiced, the contract would not have been made, or the transaction completed, then it is material ; but if it be shown or made probable that the same thing would have been done in the same way, if the fraud had not been practiced, it cannot be deemed material." Ib., 440.

The exceptions are untenable and the judgment must be affirmed, and it is so ordered.

No error.                                             Affirmed.