STATE v. J. T. WALTON.

*Indictment for False Pretense—Evidence—Intent—Testimony as to Other Offences, when admissible.*

1. In the trial of an indictment for obtaining money under false pretenses it is competent, in order to show the *scienter* and intent, to prove other similar transactions by the defendant.

2. In the trial of an indictment for obtaining money under false pretenses by inducing the County Treasurer to cash an order represented by the defendant as being genuine, evidence offered by defendant as to the stub-book kept by him in the Register of Deeds' office, which he claimed would show that the order was issued for a bill of stationery, was inadmissible because irrelevant and not corroborative of the evidence as to defendant's intent or tending to show that his representation as to the genuineness of the order was true.

---

STATE *v.* WALTON.

---

INDICTMENT, tried at Fall Term, 1893, of GATES Superior Court, before *Graves, J.*

The defendant was charged with intending to cheat and defraud J. F. Bond, as Treasurer of the county, out of the money, goods and chattels in the custody of said Bond, and that he unlawfully, feloniously and designedly did falsely pretend to the said Bond, as said Treasurer, that a certain paper-writing in words and figures, etc., was a true and genuine order for the payment of money, etc., and that he owned the same and had the right to transfer it to the said Bond, as Treasurer, and receive the money therefor to the amount mentioned in said paper-writing, being $41.32, whereas in truth and in fact, etc.

Upon the trial the jury found the defendant guilty, and he appealed from the judgment pronounced thereon.

*The Attorney General,* for the State.
No counsel *contra.*

MACRAE, J. (after stating the facts): The first exception cannot be sustained. In order to show the *scienter* and the intent, and for that purpose only, the State offered evidence of similar transactions on the part of the defendant. The question of the admissibility of evidence of this character has been so clearly stated by *Ashe, J.,* in the case of *State v. Murphy,* 84 N. C., 742, that we have only to reproduce a part of the opinion in that case. "It is a fundamental principle of law that evidence of one offence cannot be given against a defendant to prove that he was guilty of another. We have been unable to find any exception to this well-established rule, except in those cases where evidence of independent offences has been admitted to explain or illustrate the facts upon which certain indictments are founded, as where, in the investigation of an offence, it

STATE *v.* WALTON.

becomes necessary to prove the *quo animo*, the intent, design or guilty knowledge. In such cases it has been held admissible to prove other offences of like character, as, for instance, in indictments for passing counterfeit money, the fact that the defendant about the same time had passed other counterfeit money of like kind has been uniformly held to be admissible to show the *scienter* or guilty knowledge. So on a charge for sending a threatening letter, prior and subsequent letters from the defendant to the person threatened have been received in evidence explanatory of the meaning and *intent* of the particular letter upon which the indictment is found." Many authorities are there cited and illustrations offered. The charge in the present case was that the defendant did falsely, etc., pretend to the County Treasurer that a certain paper-writing was a true and genuine order for the payment of money as it purported to be, and that by means of said false pretense the defendant obtained the money from said Treasurer. The defence was the absence of any intent to defraud. There could not be more direct evidence of such intent than the facts that the defendant had presented other false papers to the Treasurer and obtained money upon the same, and upon the discovery thereof had refunded the money.

In *State* v. *Wilkinson*, 98 N. C., 696, where the defendant was indicted for falsely obtaining from the County Commissioners an order for the payment of money, evidence was admitted of continuous transactions of the same character, and the State proposed to prove the obtaining of other orders of the same kind, without producing the orders, and testimony having been admitted, the Court said, " the extent of the general rule which requires the production of a written instrument to prove its contents, and admits of secondary evidence when it is lost or destroyed, is often misconceived. The rule does not apply to cases where the

50

orders come up on a *collateral* inquiry, and a party is not expected to be prepared to produce them." In that case no point was made upon the admissibility of the evidence except as above stated. The decision in the case of *State* v. *Ballard,* 100 N. C., 486, where evidence was offered as to reports that defendant had been guilty of similar offences, is not in conflict with that which is cited above. The witness had testified to the good character of defendant, and the State proposed to ask the witness if he did not know that it was extensively talked about and said that the defendant practiced a fraud upon the firm of A B. This was admitted after objection by defendant, and the defendant excepted to the answer. The Court said, "the inquiry allowed in this case was of a specific act of deceit and fraud, and this resting on *rumor* only," etc.

The second exception, to the refusal of his Honor to admit evidence as to the stub-book kept by the defendant in the office of the Register of Deeds and the stub therein which would show the order was issued for a bill of stationery, etc., is also untenable, because the evidence offered was irrelevant; it was not corroborative of the evidence of defendant as to intent, or competent for any other purpose. It did not in any manner tend to show that the representation of defendant to the County Treasurer, that the order presented was a genuine one, was true. Admitting this evidence, still the question was, Did the defendant obtain the money by means of the false representation charged? If said representation was false, the reiteration of it would not tell in favor of defendant.

It is said for the defence that a man might collect an honest debt by means of false pretenses, and there would be no intent to defraud, and several authorities are cited which it will be unnecessary to consider, for, according to the testimony in this case, even if there had been such an

indebtedness as claimed, the County Commissioners had never ordered its payment. The County Treasurer had no authority to pay the same except upon such order. The fraud was practiced upon him, and the money was obtained upon the false representation that it was a genuine order.

The intent to deceive was established to the satisfaction of the jury by the proof of the false representation that the paper presented was a genuine order, when, whatever may have been the motive of the defendant, this representation was to his own knowledge false, the Commissioners never having made such order. It was calculated to deceive, because it was apparently genuine and attested by the proper officer. It did deceive, because by means of it the defendant obtained the money. *State* v. *Phifer*, 65 N. C. 321. We see                                        No Error.