BEAMAN v. WARD.

(Filed March 10, 1903.)

1. EXCEPTIONS AND OBJECTIONS—*Appeal—Evidence.*
   An objection to evidence interposed after its admission is not in apt time and will not be considered on appeal.

2. NEGOTIABLE INSTRUMENTS—*Commercial Paper—Assignments—Presumption—Possession.*

   The possession of a non-negotiable instrument by one claiming to be assignee thereof is presumptive evidence of ownership.

3. NEGOTIABLE INSTRUMENTS—*Evidence—Fraud—Consideration.*

   The evidence herein as to fraud and want of consideration in the obtaining of a negotiable instrument is not sufficient to be submitted to the jury.

4. NEGOTIABLE INSTRUMENTS—*Pleadings—Answer—Fraud.*
   In an action to recover on a negotiable instrument, it is not sufficient for the defendant merely to allege fraud, but the facts constituting the fraud must be alleged.

ACTION by W. J. Beaman and others, against Clifton Ward, heard by Judge *E. W. Timberlake* and a jury at May Term, 1902, of the Superior Court of SAMPSON County. From a judgment for the plaintiffs, the defendant appealed.

*George E. Butler* and *John D. Kerr,* for the plaintiffs.
*F. R. Cooper* and *Faison & Grady,* for the defendants.

WALKER, J. This action was brought to recover the amount of a note made by the defendant to B. P. Robinson, and having on its face the words "non-negotiable." It appeared to have been endorsed by Robinson to Walter McDraughan and by the latter to the plaintiff, the last endorsement having been attested by H. I. Lee. The defendant admitted the execution of the note, but denied the assignment or endorsement of it to the plaintiff, and in order to prove his ownership of the note the plaintiff, who had it in his possession, produced it at the trial, and then introduced one J. A. Beaman

who tesified that he was present and saw Robinson transfer
the note to McDraughan, and, also, that he saw McDraughan
execute the transfer to the plaintiff and saw H. I. Lee wit-
ness it.

It seems from the case that the defendant's objection to
this evidence was not made until after the witness had testi-
fied to the facts in regard to the endorsement, and we must
hold that this objection was not interposed in apt time be-
cause the case does not show that it was, and the court below
may have based its ruling upon the ground that the objection
came too late. For this reason, there is no error in the
ruling of the court upon the defendant's objection to this
evidence. *MacRae v. Malloy,* 93 N. C., 154; *Wiggins v.
Guthrie,* 101 N. C., 661; *Blake v. Broughton,* 107 N. C.,
220.

Counsel must make known their objection to evidence in
apt time, and it must appear from the case on appeal that
this was done; otherwise, the exception to the overruling of
the objection will not be sustained in this court, as some
presumption is made in favor of the correctness of the ruling
of the lower court, and we must therefore infer that the ob-
jection came too late and that the court, in the exercise of its
discretion, refused to entertain it.

But if the objection had been made in apt time, it seems
that under the facts and circumstances of this case, the ruling
of the court was correct, as there was a presumption of owner-
ship of the note by the plaintiff *(Jackson v. Love,* 82 N. C.,
405; 33 Am. Rep., 685) and this was not rebutted in any
way. In the case just cited, the note was payable to W. W.
Stringfield, and the action upon it was brought by the plain-
tiff who was not a party to the note. The court held that
he could recover if he produced the note at the trial, upon
the principle that "as men generally own the personal prop-
erty they possess, the possession of the property is presump-

tive proof of ownership"—citing 1 Greenleaf Ev., Sec. 34.

It seems that it was not necessary to call H. T. Lee as he was not the witness of the law, but attested the assignment of the note only for the convenience of the party.    But it is not necessary to decide this question.

The defendant alleged that the note was "fraudulent and void" and introduced evidence tending to show that the note was given for the right to sell a patented process known as the "Up-to-date Washing Compound," in one half of the State of Alabama, and that a deed was duly executed to him for the same by Robinson.    There was further evidence that no one had infringed upon his patent right, or interfered in any way with his sale of the compound.    The plaintiff testified that he had been told by Robinson that one Parker would take the other half interest, and that he (Robinson) was to have one half of Parker's profits, and Parker told the plaintiff that Robinson had let him have said half interest and that he would go to Alabama and prosecute the business. Parker was not to pay anything to Robinson for his half interest, except the one half of the profits realized by him, but he was to accompany the plaintiff and another man, not named, to Alabama and sell the compound, and they did go for that purpose.    The plaintiff also testified that he had purchased the right to sell the compound in certain counties in this State and had made money out of it; and there was other evidence tending to show that the compound was what it was represented to be and had given satisfaction, and that the sale of it was profitable.

At the close of the testimony the court held that there was not sufficient evidence to be submitted to the jury, upon the issues tendered by the defendant, as to the fraud and the want of consideration, and instructed the jury, if they believed the evidence, to find the other issues in favor of the plain-

tiff, and the jury returned a verdict for the plaintiff upon which judgment was accordingly entered.

If we treat the note as non-negotiable in the sense that the defendant can set up any defense against the plaintiff which he could have pleaded against the original payee, we do not think that the defendant has sufficiently pleaded the fraud. It will not do merely to allege fraud; the pleader must allege the facts constituting the fraud. But if the fraud had been properly pleaded, we are unable to discover any evidence to support the allegation that the note was obtained fraudulently or upon a false or fraudulent representation, and we were not informed by the learned counsel, in the argument of the case before us, in what the fraud consisted; nor was any authority cited to aid us in our investigation of the matter. The same may be said in regard to the defense of want of consideration. The burden being on the defendant, he has failed to allege and show fraud or any good defense to the action. *Triplett v. Foster,* 115 N. C., 335.

We do not see how the court could well have decided otherwise than it did under the circumstances.

Judgment Affirmed.