DOBSON v. SOUTHERN RAILWAY COMPANY.

(Filed June 10, 1903.)

1. EXCEPTIONS AND OBJECTIONS—*Evidence—Cross-Examination—Witnesses—Waiver—Examination of Witnesses.*

Objections to questions to a witness must be interposed when the question is asked and before the answer, or the right to have the testimony excluded is waived.

2. EVIDENCE—*Tax List—Railroad.*

The testimony of a tax lister that the owner of a mill listed it at less than that claimed by them in an action for its loss by fire, is some evidence that it was not worth the amount claimed.

ACTION by Dobson & Whitley against the Southern Railway Company, heard by Judge *E. B. Jones* and a jury, at February Term, 1903, of the Superior Court of McDOWELL County. From a judgment for the plaintiffs, the defendant appealed.

*Justice & Pless* and *Busbee & Busbee,* for the plaintiffs.
*S. J. Ervin, P. J. Sinclair* and *A. B. Andrews, Jr.,* for the defendant.

WALKER, J. This action was brought to recover damages for the destruction of a flour mill belonging to the plaintiffs together with the machinery and stock therein, which plaintiff alleged was caused by the negligent emission of sparks from one of defendant's engines.

In order to establish the negligence of the defendant the plaintiffs introduced A. B. Finch, who had been examined as a witness at a former trial, and attempted to prove by him that the netting of the spark arrester was too coarse to prevent the escape of sparks from the engine. The plaintiff's counsel subjected this witness to a very severe and rigid

cross examination, which we think was calculated to impeach his credibility and to disparage him before the jury and thereby prejudice the defendant. The examination was contrary to the rules and practice of the courts which obtain in such cases and should not have been allowed, if it had been objected to in apt time and in the proper way. A party may waive his right to the exclusion of incompetent testimony, ever so objectionable, if he fails to assert his right in due time, and so, when a witness is being examined in an improper manner, the objection to the character of the examination should be made known in apt time otherwise the party prejudiced will be deemed to have waived it. A large part of the testimony of the witness Finch was incompetent because it was hearsay, but the defendant so far as the record discloses, did not enter any objection in the manner required by law. Objections should be interposed when the incompetent questions are asked. It will not do to object after the question has been asked and answered. This would give the objector two chances, one to exclude the testimony if unfavorable to him and the other to make use of it if favorable, and for this reason the law requires that parties should act promptly or else the right to have testimony excluded, or the examination conducted within proper limits, will be waived.

Defendant introduced as a witness Charles A. Byrd, who testified that he was tax lister for the year in which the fire occurred and that the machinery, which was in the mill, was listed by Dobson & Whitley, who told him that it cost $2,300. That he valued it at $1,200 for taxation, and they said they thought that was very high. D. J. Dobson, one of the plaintiffs, had testified that the machinery was worth $2,375.45 which was its original cost with freight charges added, and the plaintiffs placed that valuation upon it in this action. With reference to the damages the court charged as follows:

"On the point as to the value of the machinery, the loss

and value of flour and other personal property, you have the uncontradicted testimony of plaintiffs, but you must pass upon the evidence as to its truthfulness and as to the value and loss and say how it is. What is the value of the property lost, the machinery, scales and·tools." And again: "Upon these items you have the evidence of the plaintiff alone, the defendant offering no evidence to contradict the witness as to the value he places upon these articles." The defendant excepted to each of these instructions; and we think that they were erroneous. The testimony of C. A. Byrd tended to contradict that of the plaintiffs as to the value of the machinery and the court should not have told the jury in view of Byrd's testimony, that the defendant had offered no testimony to contradict the plaintiffs upon this point. The charge practically withdrew Byrd's testimony from the consideration of the jury, when it tended directly and strongly to contradict the plaintiff's testimony as to the value of the machinery. It tended to show that while they had insisted on one valuation of the property at the trial, they had objected to the tax lister, that a lower valuation was too high for the purpose of taxation.

In any view of the case it was some evidence to go to the jury as to the true value of the property and the defendants were entitled to have it submitted to the jury in the charge of the court. For this error there must be a new trial, and as we think the examination of the witness Finch may, under the facts and circumstances of the case, have prejudiced the defendant, though it was not objected to in the proper manner, we direct in the exercise of our discretion, that the new trial shall extend to all of the issues.

New Trial.

DOUGLAS, J., concurring in result only. I agree with the Court that the objection of the plaintiff to the tax valua-

tion was some evidence to go to the jury.    The plaintiff, Dobson, frankly told the tax lister what the machinery had cost, but insisted that it should be listed at a much lower sum.    I think this might have been considered by the jury as evidence tending to show deterioration of the property, but not as contradicting the defendant, who presumably meant that it was assessed out of proportion to other manufacturing property.    Those who have had anything to do with such enterprises know that there is a great difference between the price second-hand machinery would bring upon the open market and the amount it would take to replace it, and yet the machinery may be as valuable to the owner, that is may have as great a productive value, as when it was new.    This is the only ground on which I can agree in granting a new trial. Here I wish the opinion had stopped, as I at least must stop. I cannot agree in granting a new trial, either as a matter of right or of discretion, for the admission of evidence or the method of examination of a witness to which there is no exception.    Where such a ruling, in addition to the fact of being made upon matters not before us, is in itself essentially erroneous, I must respectfully dissent.    In its opinion the Court says: "The plaintiff's counsel subjected this witness to a very severe and rigid cross-examination, which we think was calculated to impeach his credibility and disparage him before the jury, and thereby prejudice the defendant." Further on the court says: "A large part of the testimony of the witness, Finch, was incompetent because it was hear-say."    There is no suggestion that any part of Finch's testimony was favorable to the defendant.    Therefore, the defendant could not possibly be hurt by any disparagement of the witness.    If the witness' testimony was unfavorable to the defendant, as it must have been, then the disparagement of the witness was a positive benefit to the defendant, and it would have no ground of complaint.    The defendant may

have so thought, as its able counsel failed to enter an exception, except in terms too general to be considered. Can we do for them what they failed to do for themselves? Or can we do what is equivalent thereto—pass upon the matter as if it were under exception? This has been done in a few instances with the consent of the Attorney General in cases of capital felony; but never, as far as I have the knowlege, in civil cases.