## DEMPSEY GRAY v. GERGE W. CARTWRIGHT.

(Filed 12 September, 1917.)

### 1. Malicious Prosecution—Malice—Evidence—Damages—Trials.

Where the evidence is sufficient for the recovery of punitive damages in an action of malicious prosecution, testimony of the defendant that he believed the charge in the indictment to be true at the time is properly admitted on the question of the absence of malice and in diminution of the damages recoverable.

### 2. Appeal and Error — Malicious Prosecution — Punitive Damages—Objections and Exceptions—Acquiescence—Issues.

Where, with the consent and acquiescence of the plaintiff in an action for malicious prosecution, the issue of punitive damages has been submitted to the jury, it is not open to his objection that defendant was permitted to testify, in diminution of the damages, that he believed the charge in the indictment to be true at the time.

### 3. Malicious Prosecution—Punitive Damages — Actual Malice.— Evidence— Trials.

In order to recover exemplary or punitive damages in an action for malicious prosecution, the plaintiff must show actual malice on the part of the defendant in prosecuting the criminal action against him, importing an evil intent or wish or design to vex, annoy, or injure him.

### 4. Appeal and Error—Objections and Exceptions—Briefs—Rules of Court.

Exceptions not set up in the appellant's brief, or in support of which no reason or argument is therein stated or authority cited, will be taken as abandoned in the Supreme Court under Rule 4. 164 N. C., 551.

### 5. Malicious Prosecution — Larceny — Other Thefts — Evidence — Criminal Intent—Trials.

In an action to recover damages for malicious prosecution of a criminal action for the larceny of· a cow, evidence is competent to show that the defendant in the criminal action and the plaintiff in the civil one had taken at other times cattle to his premises, under similar circumstances, when relevant to his criminal intent in the matter under consideration in the present action. *S. v. Murphy*, 84 N. C., 742; *S. v. Walton*, 114 N. C., 783, cited and approved.

CIVIL ACTION tried before *Daniels, J.,* at the February Term, 1917, of PASQUOTANK.

*Ward & Thompson for plaintiff.*
*Aydlett & Simpson for defendant.*

WALKER, J. Action for malicious prosecution. Defendant had prosecuted the plaintiff before a justice of the peace for stealing his cow, valued at $30; and the justice having, after hearing the evidence, adjudged that there was no probable cause for the accusation, and that

4—174

the defendant in that case was not guilty, dismissed the proceeding and taxed the prosecutor with the costs. This suit was thereupon brought by the plaintiff, and resulted in a verdict and judgment for the defendant, the jury, upon issues submitted by the court, having found that there was probable cause.

At the trial of this case the defendant was asked the question, whether, at the time he made the charge of larceny against the defendant, he believed it to be true, and that plaintiff had stolen his cow, to which he was permitted to answer, after objection by the plaintiff, that he did believe it to be true. Plaintiff excepted.

There is some conflict in the authorities whether such a question is competent when the suit is brought solely for actual or compensatory damages, but we need not consider this view of the matter, as we find upon an examination of the charge of the court that the question of punitive damages was fully submitted to the jury, with the plaintiff's consent or acquiescence, and when this is done, all the authorities are quite agreed that such a question is clearly competent. The general rule is thus stated in 25 Cyc., at page 420: "Defendant may show in mitigation of damages that the libel or slander was published under an honest conviction of its truth arising from probable grounds of suspicion known to him at the time of publication, or that he otherwise acted in good faith and without malice. But it has been held that absence of malice mitigates exemplary, and not compensatory, damages, and hence in a jurisdiction where compensatory damages alone can be recovered, absence of malice is immaterial and cannot be shown." And again, at page 584: "Where absence of malice on the part of defendant becomes material to the issue, any competent evidence legitimately tending to show that he made the publication in good faith under belief in its truth is admissible. So the fact that an alleged newspaper libel was published in the absence of the owner and against his orders is held admissible on the question of intent."

It was held in *People v. Stark,* 59 Hun. (N. Y.), 51; 12 N. Y. Suppl., 688 (affirmed in 136 N. Y., 538), and in *Com. v. Sconton,* 25 Pa. Co. Ct., 138, that defendant in an action of this kind may testify that he made the charge in good faith, upon the honest belief that it was true, which is the very question we are now considering. See, also, *S. v. Clyne,* 53 Kan., 8.

The principle is said to be based upon common sense and to be fully justified by the reason that, where actual malice, as distinguished from legal malice, is necessary to a recovery of damages, it is competent to show defendant's good faith and an honest belief in the truth of his accusation, as it tends to rebut the actual malice and to show that the charge was induced, not by ill-will toward the party accused, nor by a

reckless disregard of his rights. The distinction between legal and actual malice, with reference to the recovery of punitive damages, was well stated by *Hoke, J.*, in *Stanford v. Grocery Co.*, 143 N. C., at page 427, 428, where he said: "It is also correct doctrine, as stated in the charge, that on a verdict for the plaintiff in malicious prosecution, punitive or exemplary damages may be awarded by the jury. *Kelly v. Traction Co.*, 132 N. C., 368. This right to punitive damages does not attach, however, as a conclusion of law, because the jury have found the issue of malice in such action against a defendant. The right under certain circumstances to recover damages of this character is well established with us; but, as said in *Holmes v. R. R.*, 94 N. C., 318, such damages are not to be allowed 'unless there is an element of fraud, malice, gross negligence, insult or other cause of aggravation in the act which causes the injury.' And again, in the concurring opinion in *Ammons v. R. R.*, 140 N. C., 200, it is said: 'Such damages are not allowed as a matter of course, but only when there are some features of aggravation, as when the wrong is done willfully or under circumstances of oppression, or in a manner which evinces a reckless and wanton disregard of the plaintiff's rights.' Attention is also called to this concurring opinion as to what may be properly included in compensatory damages." And discussing further this question, it was said later in the opinion, at page 428: "The term 'malice' here, in reference to the question of damages, unlike its meaning in the issue fixing responsibility, means actual malice in the sense of personal ill-will, and the jury should be instructed that if they find the issue fixing responsibility in favor of the plaintiff, they shall award him compensatory damages; and if they further find that the wrongful act was done from actual malice, in the sense of personal ill-will, or under circumstances of insult, rudeness or oppression, or in a manner which showed a reckless and wanton disregard of the plaintiff's rights, they may, in addition to compensatory, award punitive damages. *Holmes v. R. R., supra; Ammons v. R. R., supra*, concurring opinion; *Bowden v. Bailes*, 101 N. C., 612; *Kelly v. Traction Co., supra;* 1 Joyce Damages, sec. 442, citing numerous authorities; 19 A. and E., 704."

We understand that in order to establish the cause of action, it is sufficient to show merely the absence of probable cause as evidence of it, but if the plaintiff wishes to add punitive damages to his recovery, he must show actual malice, which imports an evil intent or wish, or design to vex, annoy or injure him. *People v. Stark, supra,* where the point is carefully considered and the authorities cited. When actual malice must be shown, it is held that evidence tending to show its nonexistence is competent.

We have discussed this question in order merely to show what appears to be the state of the decisions upon it, and not with a view of expressing any decided opinion as to their merit or the conclusions reached by the Courts in them, for we hold that this exception, not being discussed in the brief of the plaintiff's counsel, is not, strictly speaking, before us, under Rule 34 of this Court, providing that "Exceptions to the record not set out in appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned by him." 164 N. C., p. 551.

On the cross-examination of the plaintiff, who testified in his own behalf, he was asked many questions for the purpose of proving that he had committed similar offenses in regard to his neighbors' cattle, and especially that he had stolen this defendant's "bull yearling" of the Jersey blood. There appears to have been no objection to this part of the evidence, but later on the defendant was permitted to show that the plaintiff had committed like offenses in the same neighborhood. Plaintiff objected to this testimony upon the ground, as appears in his brief, that it was collateral, and defendant was bound by the plaintiff's answers in respect thereto, and besides, that it was an attempt to establish one crime by proof of the commission of another one, though of like nature. This evidence was competent to show the intent with which the defendant "took and carried away" the cow in question. Larceny involves three elements, viz.: the taking, the carrying away, or asportation, and the felonious or dishonest intent. The plaintiff did not ask the court to restrict the evidence to the intent, but objected generally. It was competent to show that other similar offenses had been committed at or about the same time as the one mentioned in the complaint, and under the circumstances appearing in this case, for the purpose of proving the plaintiff's intent to take the cow. There was more direct evidence of his felonious purpose, but this did not exclude that to which objection is now taken, as defendant could add to his proof in this respect.

"The general rule is that, on a prosecution for a particular crime, evidence which, in any manner, shows or tends to show that the accused has committed another crime wholly independent of that for which he is on trial, even though it be a crime of the same sort, is irrelevant and inadmissible, but to this rule there are several exceptions." 12 Cyc., 405. And again, at pages 408, 409 and 410, after discussing other exceptions to this general rule, it is said: "Evidence of other crimes similar to that charged is relevant and admissible when it shows or tends to show a particular criminal intent which is necessary to constitute the crime charged. Any fact which proves, or tends to prove, the particular intent is competent, and cannot be excluded because it incidentally proves

an independent crime. Where the question is whether a certain act was intentional or accidental, evidence to show that the accused intentionally committed similar acts before is relevant to show the intent. So, also, where malice is an element in the crime charged, as in murder, assault with intent to kill, arson, malicious mischief, and the like, evidence of another similar act by the accused is admitted to show malice. Evidence to show the motive prompting the commission of the crime is relevant and admissible notwithstanding it also shows the commission by the accused of another crime of a similar or dissimilar character. Thus it may be shown that the crime charged was committed for the purpose of concealing another crime or to prevent the accused from being convicted of another crime. But evidence of another crime which has no connection with that for which the accused is on trial, and which therefore is not relevant to prove motive, cannot be introduced under the guise of proving motive." Other notable exceptions are stated, but are all based upon the same evident reason. But there is direct authority for the principle in cases decided by this Court. We quote the headnote in *S. v. Murphy,* 84 N. C., 742: "Evidence of a 'collateral offense' of the same character and connected with that charged in an indictment, and tending to prove the *guilty knowledge* of the defendant, when that is an essential element of the crime, is admissible; therefore, on the trial of an indictment for the larceny of a hog, where the prosecutor testified that he identified the property as his in an enclosure of the defendant and demanded its delivery to him, it was held competent for the State to prove by the testimony of another witness that, at the same time and place and in presence of prosecutor and defendant, such witness said that the other hog therein was his, and he then and there claimed and demanded it of defendant."

The Court says, in an opinion by *Justice Ashe,* who always wrote clearly, accurately, and vigorously, and reviews the English and American cases at length, that "Where the question of identity or intent is involved, or where it is necessary to show a guilty knowledge on the part of the prisoner, evidence may be received of other criminal acts than those charged in the indictment," citing and affirming *Yarborough v. State,* 41 Ala., 405; *Thorp v. State,* 15 Ala., 749.

The Court also cites and approves *Rex v. Davis,* 6 Car. and P., 117, where it was held, as to an indictment for receiving stolen goods, that, for the purpose of showing guilty knowledge of the defendant, evidence that other goods not belong to him were found at the same time on the premises of the defendant, which had been taken under similar circumstances, was competent, this Court saying that evidence of independent offenses is an exception to the general rule, excluding proof of other offenses when it is necessary to prove the *quo animo* or the *scientus.*

The case of *S. v. Murphy* is much like this case in many of its features, and is substantially like it in respect to the facts. To the same effect is *S. v. Walton*, 114 N. C., 783, where *Justice McRae* said, quoting from and approving *S. v. Murphy, supra:* "It is a fundamental principle of law that evidence of one offense cannot be given against a defendant to prove that he was guilty of another. We have been unable to find any exception to this well-established rule, except in those cases where evidence of independent offenses has been admitted to explain or illustrate the facts upon which certain indictments are founded, as where, in the investigation of an offense, it becomes necessary to prove the *quo animo*, the intent, design or guilty knowledge. In such cases it has been held admissible to prove other offenses of like character." A recent decision of the same general tenor is *S. v. Knotts et als.,* 168 N. C., 189, and numerous other and like cases could be cited from this and other jurisdictions.

This rule as to evidence of other transactions has been applied to civil cases where it was necessary to prove the intent with which an act was committed, as, for example, in questions of fraud. *Brink v. Block,* 77 N. C., 59, approved in *Gilmer v. Hanks*, 84 N. C., 317; *Coble v. Huffines*, 133 N. C., 422; *S. v. Weaver*, 104 N. C., 758; *Robertson v. Halton*, 156 N. C., 215, and especially *Eddleman v. Lentz*, 158 N. C., 74; *Ins. Co. v. Knight*, 160 N. C., 592.

The jury manifestly did not agree with the justice of the peace, as they believed, and so found, that the defendant had probably stolen the cow, and may perhaps have included the "Jersey bull yearling," while the justice decided that there was no probable cause of guilt. There was ample evidence to support the jury's finding, and the case is otherwise without any error in law.

While we have reached this conclusion in the case and based it upon the reasons assigned, there are other grounds stated in the defendant's brief, with great force and clearness, which lend additional weight to those selected by us as sufficient to dispose of this appeal favorably to him. These relate to the competency of the evidence as to other transactions of the plaintiff, admitted by the court to show the felonious intent of plaintiff in taking the cow and to contradict material parts of plaintiff's testimony, and also to the particular charge of the court respecting this evidence, to which the plaintiff objected. It is especially stressed in the defendant's brief that the evidence was competent to show what the defendant really knew at the time he made the accusation against the plaintiff, as tending to show good faith and probable cause and the absence of malice.

The trial of the case was conducted in accordance with the law applicable thereto.

No error.