STATE v. GARLAND STANCILL.

(Filed 24 September, 1919.)

1. Criminal Law—Conspiracy—Common Design—Evidence—Trials.

Where there is evidence tending to show that the several defendants formed and entered into a common design to commit a theft, the substance of the offense charged in the bill of indictment, the acts and declarations of each in pursuance and in furtherance thereof are competent as to all.

2. Appeal and Error—Instructions—Presumptions—Evidence.

Where the instructions of the court are not set out in the record on appeal to the Supreme Court, it will be presumed that they were correctly given, in explanation of the relevancy and competency of the evidence excepted to, and as to the circumstances under which the jury could consider and apply it and to what extent it could be so considered and applied.

3. Criminal Law—Conspiracy—Common Design—Declarations.

Where the declarations of one of the defendants as to the theft, for which several were indicted, are incompetent as to another of them, their admission is cured when the one charged with making them afterwards testified that he had done so, it being immaterial to whom he had made them, the fact alone being important, and the order in which the evidence is introduced being within the discretion of the trial judge, when not plainly abused by him.

4. Appeal and Error—Objections and Exceptions—Evidence—Questions and Answers.

Objection to the admissibility of evidence should be taken before the witness has answered the question for the exception thereto to be available on appeal, unless the objection, which comes too late, is allowed by the judge in the exercise of his discretion.

5. Appeal and Error—Prejudice—Harmless Error—New Trials.

Error must be prejudicial to the appellant for reversible error to be held on appeal.

6. Indictment—Larceny—Conspiracy—Common Design—Evidence.

When the indictment is for conspiracy of several defendants to steal from a person specified therein, evidence of theft by the several defendants from a certain other person, not named in the indictment, is competent, when there is evidence that it was a part of a series of transactions in pursuance of an original design, or conspiracy, and sufficiently connected with the main charge to show the defendant's intent or a common purpose.

7. Evidence—Corroborative—Rebuttal—Substantive—Conspiracy.

Testimony may be competent in corroboration of another witness though incompetent as substantive evidence, and where a defendant, indicted for larceny of tobacco, has testified he was unfamiliar with the neighborhood in which it had been committed, and relied upon the assurance of his codefendant that the latter had taken it from the house of his uncle, with his consent, evidence in rebuttal of this statement is properly admitted.

Indictment, tried before *Daniels, J.,* and a jury, at January Term, 1919, of Pitt.

. The appellant, Garland Stancill, was jointly indicted with Ernest Perry and Raymond Stancill for the larceny of a lot of leaf tobacco of the value of $250, property of J. H. Little and others, and for receiving the same knowing it to have been stolen.

The appellant, Garland Stancill, was jointly indicted with Ernest Perry and Raymond Stancill for the larceny of a lot of leaf tobacco of the value of $250, property of J. H. Little and others, and for receiving the same, knowing it to have been stolen.

The evidence for the State tended to show that on Friday night, 25 October, 1918, the defendants, Ernest Perry and Garland Stancill, took and carried away from the packhouse of J. H. Little 49 sticks of tobacco, the property of J. H. Little. They were driving the car of Raymond Stancill and carried the tobacco, thus stolen, to the home of Raymond Stancill, where it was received by said Raymond. The testimony of the defendant's witnesses tended to show that both Garland and Raymond Stancill were not guilty. Both of them admitted the fact that Little's tobacco was carried to Raymond Stancill's house by Perry and Garland Stancill, but both disclaim guilty knowledge.

Garland Stancill testified as follows:

"That he went with Perry, but had never been in that territory before, and Perry told him that he was going to his Uncle Bob Parker's after the tobacco; that Perry got out of the car and went up to the house, which he told witness was his uncle's house, came back and stated to the witness that his uncle said go ahead and get the tobacco; that the witness had no idea that Perry was not telling the truth, and did not know that the tobacco was not Perry's tobacco."

At the trial Ernest Perry submitted to a verdict of guilty, and Raymond Stancill was acquitted, while Garland Stancill was convicted. From the judgment upon such conviction, Garland Stancill appealed to this Court.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*Albion Dunn for defendant.*

Walker, J., after stating the case: It will be perceived from the foregoing statement that the issue in the case, and it was clear-cut and sharply drawn by the contentions of both the Stancills, was, Did the Stancills know that Ernest Perry had stolen the tobacco? The errors assigned by the defendant relate to the competency of testimony. It appears that the three defendants were jointly indicted for stealing

tobacco from J. F. Harris and others, and the evidence tends to show that they had formed a conspiracy to commit the theft, and this was the substance of the offense, as shown by the bill and the testimony. They had combined together, at least two of them—and there was evidence against the third, who was finally acquitted—to do an unlawful act, that is, to steal from the prosecutors. The acts and declarations of those who were parties to the common design, in furtherance of the conspiracy, were competent. *S. v. Anderson,* 92 N. C., 732; *S. v. Brady,* 107 N. C., 822. As the charge is not in the record, it must be presumed that the jury were correctly instructed, as to the competency and relevancy of such evidence, and as to the circumstances under which it could be used by them, and as to what extent it could be considered.

The testimony of Ed. Marks as to what the defendant, Ernest Perry, had said to him about the stealing of the tobacco by Garland Stancill and himself was, standing by itself, an unsworn declaration of Ernest, incompetent against Garland, but he afterwards took the stand himself as a witness and testified to the same facts. If the statement by him was technically incompetent, at the time of its introduction, and we will admit that it was so, the error was cured when Ernest Perry testified, substantially at least, to the same thing. *Albert v. Ins. Co.,* 122 N. C., 92; *Strother v. R. R.,* 123 N. C., 197; *Beaman v. Ward,* 132 N. C., 68; *Summerlin v. R. R.,* 133 N. C., 550; *Turner v. Comrs.,* 127 N. C., 153, or, in any view, it was harmless error. See cases above. It was immaterial whether he made the statement to Ed. Marks or to any other person; the important fact was, whether he made it at all. That he made it was merely corroborative of his own testimony, and if defendant desired it to be confined to that single purpose, he should have asked the judge to do so. But, as we have said, it is but harmless, when considered with the testimony of Ernest Perry. *Rawls v. White,* 127 N. C., 17. We do not reverse for error which does no harm, and is free from prejudice. The statement came first, before Ernest Perry testified, but the order of the testimony is regulated by the discretion of the judge, and, when there is no clear and gross abuse of it, we will not interfere. *Worth v. Ferguson,* 122 N. C., 381. It may be that the court admitted this testimony at the time it appears to have come into the case, in anticipation of similar and sworn testimony of Ernest Perry when he took the stand as a State's witness, and as corroborative of it. Besides, it appears that the objection was not offered until the question was answered. This was too late. *Beaman v. Ward,* 132 N. C., 68; *Dobson v. R. R.,* 132 N. C., 900. But, as already shown by the authorities, slight error, where there is no prejudice, works no harm, and does not justify a reversal. *Griffin v. R. R.,* 138 N. C., 55; *West v. Grocery Co., ib.,* 166.

The testimony as to the theft of the Wilkinson tobacco was offered merely to show the intent with which the defendants stole this tobacco, and not to prove the accusation substantively. It was sufficiently connected with the main charge to render it competent for this purpose. It was all taken to Raymond Stancill's, the common storehouse for the loot of these defendants. It was but a part of a series of transactions carried out in pursuance of the original design, and it was contemplated by them in the beginning, that they should plunder the tobacco barns in the neighborhood, and this was one of them. The jury might well have inferred this common purpose from the evidence. Robbing Wilkinson was a part of the common design, and done in furtherance of it. Proof of the commission of other like offenses to show the *scienter,* intent, or motive is generally competent when the crimes are so connected or associated that this evidence will throw light upon that question. In Wharton's Cr. Ev. (10th ed.), p. 60, such testimony is thus classified: "First. As part of the *res gestæ. S. v. Freeman,* 49 N. C., 5; *S. v. Murphy,* 84 N. C., 742; *S. v. Thompson,* 97 N. C., 496; *S. v. Mace,* 118 N. C., 1244; *S. v. Adams,* 138 N. C., 688. Second. To prove identity of person or crime. *S. v. Thompson,* supra; *S. v. Weaver,* 104 N. C., 758. Third. To prove guilty knowledge. *S. v. Twitty,* 9 N. C., 248; *S. v. Walton,* 114 N. C., 783; *S. v. Hight,* 150 N. C., 817; *Ins. Co. v. Knight,* 160 N. C., 592. Fourth. To prove intent. *S. v. Weaver,* 104 N. C., 758. Fifth. To prove motive. *S. v. Plyler,* 153 N. C., 630. Sixth. To prove system. *S. v. Wilkerson,* 98 N. C., 696; *S. v. Winner,* 153 N. C., 602. Seventh. To prove malice. Eighth. To rebutt special defenses." We think that several of these classes embrace the objections made here, and that the latter are answered by the law as there stated by Wharton. It is said in *S. v. Murphy,* 84 N. C., 742: "Evidence of a 'collateral offense' of the same character and connected with that charged in an indictment, and tending to prove the guilty knowledge of the defendant, when that is an essential element of the crime, is admissible; therefore, on the trial of an indictment for the larceny of a hog, where the prosecutor testified that he identified the property as his in an inclosure of the defendant, and demanded its delivery to him, it was held competent for the State to prove by the testimony of another witness that, at the same time and place and in the presence of the prosecutor and defendant, such witness said that the other hog therein was his, and he then and there claimed and demanded it of defendant." In that case, the Court says, in an opinion by *Justice Ashe,* who always wrote clearly, accurately, and vigorously, and reviews the law at length: "Where the question of identity or intent is involved, or where it is necessary to show a guilty knowledge on the part of the prisoner, evidence may be received of other criminal acts than those charged in the indictment," citing and

approving *Yarborough v. State,* 41 Ala., 405; *Thorp v. State,* 15 Ala., 749. The whole question is considered, and fully reviewed, in *Gray v. Cartwright,* 174 N. C., 49, where the authorities are collected. This question is fully discussed by the *Chief Justice* in *S. v. Simons,* at this term, and evidence of the kind admitted in this case is held there to be competent to show knowledge, intent, and motive.

The testimony of Oscar Bryant was competent as corroborative of the witness Henry Crowell. It was also competent· as rebutting Garland Stancill's special defense, that he was not familiar with that neighborhood, and that he was deceived by Perry as to the latter's purpose in going to "his.Uncle Bob Parker's house."

It may be said generally that the objections to testimony were taken after the questions had been answered. This is not the proper course, and the reason is that it gives the objector two chances, if the answer proves to be favorable to him, he would not need an objection, but if unfavorable he would. He can be silent if he likes it, or object when he finds that he does not. He should object to the question, and then, if the answer is not responsive, and contains unfavorable new matter, he can move to strike it out. *Beaman v. Ward, supra; Dobson v. R. R., supra.*

The prisoner was ably defended, but with all the light shed upon the case at the trial below, and in this Court, we deem the criticisms of counsel in regard to the rulings of the court to be unsound.

We can discover no tenable ground for reversal.

No error.