### STATE v. M. A. BEAM.

(Filed 2 June, 1920.)

**Intoxicating Liquors— Evidence— Collateral Crimes— Motive— Intent— Statutes.**

> Where there is evidence that defendant had liquor in his possession for the purpose of sale, in violation of the statute, evidence that he had liquor in his possession and had sold the same a year previous in another county, is not so connected with or related to the offense charged as to be competent to show the intent or guilty knowledge in committing the same, nor is it within the reason of the rule which admits evidence of collateral crimes to prove motive or intent.

CRIMINAL ACTION, tried before *Shaw, J.,* at January Term, 1920, of
IREDELL.

*Attorney-General Manning and Assistant Attorney-General Nash for
the State.*
*H. P. Grier and Dorman Thompson for defendant.*

WALKER, J.   The defendant was indicted for selling liquor and for
having liquor for sale.   There was evidence as to the sale of the liquor
and of its possession for the purpose of sale at Morrow's Grove camp
meeting the first Sunday of August, 1919.   In order to show that the
defendant had the liquor in his possession for sale the State proposed
to prove that a year before the time of this transaction the defendant
had liquor in his possession, and sold the same to several persons.   This
evidence was admitted, and the defendant excepted.   The ruling was
erroneous.   When offenses are so connected with, or related, to each
other that the commission of one tends to show the intent with which
the other was committed, it becomes competent to introduce evidence
of the commission of an offense of the same sort as that being investi-
gated for the purpose of showing intent, but when the crimes are wholly
independent of each other, even though they are crimes of the same
kind, such evidence, being irrelevant, is inadmissible.   12 Cyc., 495;
*Gray v. Cartwright,* 174 N. C., 49.   There are some exceptions to the
rule, but this case does not fall within any of them.   It was held in
*S. v. Murphy,* 84 N. C., 742, that evidence of a collateral offense of the
same character, and connected with that for which the defendant is
being tried, and tending to prove his intent, or *guilty knowledge,* when
that is an essential element of the crime, is admissible.   But the two
offenses, in this case, have no such connection or relation as to make the
possession and sale of liquor in Lincoln County evidence of the intent
or purpose with which the defendant had possession of liquor in Iredell
County one year afterwards.   It may also be said that the transactions
are so widely separated in respect to time and place, and are so clearly
void of any connection with each other, that they cannot be brought
within the reason of the rule we have stated, admitting evidence of
collateral crimes to prove motive, or intent.   The cases of *S. v. Winner,*
153 N. C., 602; *S. v. Stancill,* 178 N. C., 683, and *S. v. Simons, ibid.,*
679, and Wharton Cr. Ev. (10 ed.), p. 60, so much relied on by the
State, are not authorities for its position, being based on a different state
of facts, and upon reasons entirely inapplicable to the question now
presented.   We said in *S. v. Stancill, supra:* "The testimony as to the
theft of the Wilkinson tobacco was offered merely to show the intent
with which the defendants stole this tobacco, and not to prove the accu-

49—179

sation substantively. It was sufficiently connected with the main charge to render it competent for this purpose. The tobacco was all taken to Raymond Stancill's, the common storehouse for the loot of these defendants. It was but a part of a series of transactions carried out in pursuance of the original design, and it was contemplated by them in the beginning, that they should plunder the tobacco barns in the neighborhood, and this was one of them. The jury might well have inferred this common purpose from the evidence. Robbing Wilkinson was a part of the common design, and done in furtherance of it. Proof of the commission of other like offenses to show the *scienter,* intent, or motive is generally competent when the crimes are so connected or associated that this evidence will throw light upon that question."

There must be another trial to correct the error in admitting the testimony to which the defendant objected.

New trial.