STATE v. ADA GODWIN, RUBY MURPHY, LEWIS COOK, SAMMY FLOYD, FRED BLUE AND THOMAS BLUE.

(Filed 3 January, 1945.)

**1. Evidence § 19: Criminal Law § 40—**

Evidence, in a criminal prosecution, tending to discredit and impeach a defendant about a collateral matter and to create an unfavorable impression of defendant in the minds of the jury, is incompetent and its admission is error.

**2. Evidence § 27—**

The rule that, when incompetent evidence is admitted over objection and the same evidence has theretofore been, or is thereafter, admitted without objection, the benefit of the objection is ordinarily lost, does not mean that the adverse party may not, on cross-examination, explain the evidence, or destroy its probative value, or even contradict it with other evidence, upon peril of losing the benefit of his exception.

**3. Criminal Law § 29b—**

In a prosecution against several defendants for an assault with a deadly weapon with intent to kill, evidence that one of the defendants, about a month before the commission of the alleged crime, in a dispute with witness, used violent and profane language, is incompetent and does not come within the rule that proof of like offenses may be admitted to show intent and motive.

APPEAL by all defendants, except Ruby Murphy, from *Burgwyn, Special Judge,* at May Term, 1944, of CUMBERLAND.

The defendants were indicted in three bills of indictment, charging conspiracy, assault with deadly weapon with intent to kill and murder J. R. Bullard, and assault with deadly weapon with intent to kill and murder Mrs. J. R. Bullard.

All the cases based upon these bills of indictment were consolidated, without objection, for trial.

Verdict: "Guilty as to all defendants of conspiracy; Guilty of assault with deadly weapon on J. R. Bullard as to all defendants, except Ruby

Murphy; Guilty as to assault with a deadly weapon on Mrs. J. R. Bullard as to all defendants, except Ruby Murphy."

From a judgment sentencing the appealing defendants to various terms of imprisonment,· predicated upon the verdict, said defendants appealed to the Supreme Court, assigning error.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes and Moody for the State.*

*James R. Nance for defendants.*

DENNY, J.. The defendants excepted to and assigned as error, the admission of certain evidence, purely collateral in character and which they contend was prejudicial to them. George Elliott, a witness for the State, who admitted he had had trouble with the defendant,. Miss Ada Godwin, was permitted to testify that about a month before the commission of the alleged crime, for which the defendants were on trial, that he had started to Miss Ada Godwin's house to see her relative to a fire and that he met her at Dale's Filling Station and said to her: "I want to see you, I have had a lot of trouble about cattle. The other two fires are a thing' of the past, but I have about reached my limit. The one last night . . . I can't take it any longer. I would like to ask you if you would be willing, leaving me out, to pay the tenants of mine, the share-croppers, a part of their corn and for their hay, so they will have something to feed their stock on." He further testified her reply was "G—— d——n the fire. I am not interested in the damn fire. . So far as I am concerned it was over the Cape Fear River." The witness was also permitted to testify to the use of vile and profane language by Ada Godwin in discussing a debt owed by one of her tenants for a seed loan, which tenant was planning to move on Elliott's land, without paying the loan.

This evidence tended to discredit and impeach this defendant about a collateral matter and to create an unfavorable impression of the defendant in the minds of the jurors which was manifestly prejudicial. *S. v. Lee,* 211 N. C., 326, 190 S. E., 234. It is true, as the State contends, she went upon the stand and testified in her own behalf, but she denied that any such conversation took place, and by so doing she did not make the evidence competent nor waive the objection to its admission. The well established rule that when incompetent evidence is admitted over objection, but the same evidence has theretofore or thereafter been admitted without objection, the benefit of the objection is ordinarily lost, but, as stated by *Brogden, J.,* in *Shelton v. R. R.,* 193 N. C., 670, 139 S. E., 232: "The rule does not mean that the adverse party may not, on cross-examination, explain the evidence, or destroy

its probative value, or even contradict it with other evidence, upon peril of losing the benefit of his exception."

The testimony of the above witness does not come within the rule that proof of the commission of other like offenses may be admitted to show the *scienter,* intent and motive when the crimes are so connected or associated that the evidence will throw light on the question under consideration. *S. v. Smith,* 204 N. C., 638, 169 S. E., 230; *S. v. Beam,* 179 N. C., 768, 103 S. E., 370; *S. v. Stancill,* 178 N. C., 683, 100 S. E., 241; *S. v. Lee, supra; Gray v. Cartwright,* 174 N. C., 49, 93 S. E., 432; *S. v. Walton,* 114 N. C., 783, 18 S. E., 945; *S. v. Murphy,* 84 N. C., 742. The fact that the trial judge instructed the jury to consider this evidence as against Ada Godwin only, did not limit the prejudicial effect of the evidence to her alone, since the testimony of the State as a whole tended to show that she was the instigator of the conspiracy and personally directed the assault on the Bullards. We think the exception well taken and that the defendants are entitled to a new trial.

There are other exceptions of merit presented on the record, but since there must be a new trial, we deem it unnecessary to discuss them.

New trial.