Battle, J.
 

 The receiving of stolen goods, unattended with the circumstance of receiving and harboring the thief) was at common law a distinct offence, but only of the grade of a misdemeanor. Roscoe’s Crim. Ev., 867. The stolen goods, however, must have been of such a value as to constitute the offence of stealing them a grand larceny. The reason of this was doubtless because the offence partook of the nature of that of an accessory after the fact, and in petty larceny, which is the stealing of goods Under the value of twelve pence, there were no accessories. Hence it was held in the case of the
 
 State
 
 v.
 
 Goode,
 
 1 Hawk., 463, (where the subject is fully discussed and considered,) that the receiver of stolen goods, under the value of twelve pence, could not be convicted of a misdemeanor at common law. This view of the case is sufficient to dispose of the present indictment, because it concludes at common law, though it charges facts which at common law do not constitute an indictable offence. If the receiving of stolen goods of less value than twelve pence be a misdemeanor, as it undoubtedly is, it must of necessity be so by force of some statute. That statute is the 56th section of the 34th chapter of the Revised Code, which enacts ■“that if any person shall receive any chattel, &c., the stealing or taking whereof shall amount to a larceny or felony, either at common law or by virtue of any statute made or hereafter to be made, such - person knowing the same to have been feloniously stolen or taken, every such receiver shall be deemed to be guilty of a misdemeanor and may be indicted and convicted, whether the felon stealing and taking such chattels, &c., shall or shall not have been previously convicted, or shall or shall not be amenable to jus
 
 *198
 
 tice.” This act evidently embraces every case of receiving stolen, goods, whether the value be under or over twelve pence, and it does so without any aid from the 26th section of the same chapter of the Revised Code, which abolishes all distinction between grand and petty larceny. An indictment upon it must of course conclude against the statute, or it cannot be supported.
 

 It is proper for us to avail ourselves of this opportunity to correct a mistake committed inadvertently in the case of the
 
 State
 
 v. Beatty,
 
 ante
 
 p. 52. In that case the counsel for the defendant contended that the second count of the indictment was bad because it did not contain an averment of the person from whom 'the stolen goods were received, and for this he cited and relied on the case of
 
 State
 
 v.
 
 Ives,
 
 13 Ire., 338. The court assented to the proposition without adverting to the fact that the
 
 State
 
 v.
 
 Ives
 
 was decided upon the act contained in the Revised Statutes, c. 34, s. 54, and that the
 
 State
 
 v.
 
 Beatty
 
 was upon the act in the Revised Code to which we have referred. In the Revised Statutes the language is: “ if any person shall receive or buy any property that shall be feloniously stolen or taken from any other person, knowing the same to be stolen,” &c... while in the Revised Code the words “ from any other person ” is omitted. This omission has prevailed upon the courts in England to adopt the construction upon their statute of 8 and 9 Geo. 4, ch. 29, that it is unnecessary to state in an indictment upon it the name of the person from whom the goods were stolen.
 
 Jervis’ case,
 
 6 Car. & Paine, 156, (25 Eng. C. L. Rep., 330,) Ros. Cr. Ev., 868. Our act is manifestly taken from the British statute, and we presume ought to receive the same construction.
 

 The motion to arrest the judgment in the case before us ought to have been sustained, and this must be certified to the court below.
 

 Per Curiam. Judgment arrested.