## STATE *v.* ALEXANDER RUSHING.

If a person receive stolen goods, knowing them to be such, not for the purpose of making them his own, or of deriving profit from them, but simply to aid the thief in carring them off, he is guilty of the crime of receiving stolen good, knowing them to have been stolen.

This was an INDICTMENT against the defendant for receiving some stolen cotton, knowing it to have been stolen. At the trial before his Honor, *Clarke, J.,* at the last Superior Court for WAYNE county, the jury found the following facts as a special verdict :

One John Newsom stole the cotton at night from one Coor's barn and started with it to one Roberts, a merchant, to sell it, and came to the house of Rushing, who lived on a public road between Coor's and Roberts'. Newsom then hired Rushing to put a part of the cotton in his Rushing's bag, and go along with him, Newsom, and thus help him to get the cotton to Roberts' store, to whom they offered to sell the cotton, it being under Newsom's control. Rushing then and there told Roberts that the cotton belonged to Newsom and not to himself. Roberts refused to buy, but kept the cotton until next day. Newsom sent Rushing next morning to get pay for the cotton, when Roberts still refused to pay, and Rushing said Newsom might come and get his pay or his cotton.

During the next day Coor got his cotton from Roberts, and went to see Rushing, who said he knew the cotton was stolen, because he knew Newsom was a hireling and not a cotton raiser. Upon these facts, his Honor was of opinion that the defendant, Rushing was guilty of the charge of receiving the stolen cotton, knowing it to have been stolen, and pronounced a judgment from which the defendant appealed.

*Faircloth & Grainger*, for the defendant.
*Attorney General Hargrove*, for the State.

READE, J. After another had stolen the cotton, the defendant, knowing it to have been stolen, put a part of it in his bag, and helped the thief to carry it to a merchant, to sell it. The question is, whether that is receiving stolen goods? It is insisted that it is not, because the defendant did not intend to make them his own, or to derive any profit from them, but simply to aid the thief, as a friendly act.

It is said by a respectable writer that it is not necessary that he should act from motives of personal gain. If his object is to aid the thief, it is sufficient. 2 Bish. Cr. L. S. 1092. A pickpocket passes the thing stolen to one, and he to another and another in the crowd, who receive it to aid the thief; all are guilty. Guilty of the theft if there was preconcert; guilty of receiving stolen goods, knowing them to be stolen, if they only aided the thief after the act.

There is no error, this will be certified.

PER CURIAM.                              Judgment affirmed.