STATE v. JOHN BETHEL.

*Receiving Stolen Goods—Evidence.*

1. Since the statute allows the defendant to become a witness in his own behalf, he can testify as to any fact which it would be competent to prove by any other witness.

2. When the charge is knowingly receiving stolen goods, the defendant has the right to prove by himself from whom he received them, and under what circumstances, and what conversation took place at that time, in reference to the goods, between himself and the party from whom he received them. Such conversation forms part of the *res gestæ*, and is therefore admissible.

(*State* v. *Howell*, 84 N. C., 461; *State* v. *Anderson*, 92 N. C., 732; cited and approved).

INDICTMENT for larceny and receiving stolen goods, tried before *Clark, Judge*, at February Term, 1886, of GUILFORD Superior Court.

The appellant and John Harris were indicted in a first count for the larceny of one peck of chestnuts, and in a second count for receiving the same knowing them to have been stolen.

On the trial—the appellant alone was on trial—he was examined as a witness in his own behalf. In the course of his examination, among other things, he said he "was at

home when Harris came (this was in the night time); he went out to the gate and Harris came in and left the chestnuts." The defendant's counsel here offered to prove the conversation had between Harris and Bethel at the time, to show that Bethel knew nothing of the goods having been stolen, as being part of the *res gestæ*.

The conversation offered was as follows, to-wit: That when John Harris came to his house that night and he went to the gate to see him, Harris said that he had some chestnuts which he wanted Bethel to sell; that he asked Harris where he got the chestnuts; Harris replied, I got them from a partner of mine, John Branch, and we want them sold; he said to Bethel, that I will divide profits with you; that Harris then brought the chesnuts in, and they changed the chestnuts to a good sack, as they were spilling out of the sack they were in through a hole. The Court excluded this proposed testimony, and this is assigned as error.

There was a verdict of guilty of receiving, and judgment for the State, from which the defendant appealed to this Court.

*The Attorney-General*, for the State.

No counsel for the defendant.

MERRIMON, J., (after stating the facts). The statute gave the defendant the right to be a witness in his own behalf, and as such he was competent to testify as to any pertinent material facts, just as any other witness might do.

The substance of the charge against him was, that he had knowingly and illicitly received the stolen chestnuts. How he got them, was a material inquiry, and he had the right to show by himself, as well as other witnesses, that he got them honestly—where, from whom, how, under what circumstances, and what was done and said at the time, and in connection with the receipt of them, by himself and the person from

whom he received them. What was thus said was explan-atory—part of the *res gestæ.* In the ordinary course of human conduct, the words expressed at the time an act is done in connection with, and in respect to it, indicate its character and purpose. They are evidence of the purpose. Of course, if it appears that what was said, was said with the distinct intent to mislead, it would not be evidence. In Roscoe's Cr. Ev., 24 (4 Am. Ed.), it is said that, "On a charge of larceny, when the proof against the prisoner is,. that the stolen property was found in his possession, it would be competent to show in behalf of the prisoner, that a third person left the property in his care, saying that he would call for it again afterwards; for it is material in such case to inquire under what circumstances the prisoner first had possession of the property." (1 Phil. Ev., 233, 7th Ed.) And so in this case, it was competent for the defendant to show that he received the chestnuts from Harris in the lawful course of business, the latter saying at the time he delivered them, that they were the property of himself and his partner, and they wished the defendant to sell them. It may be that the suggested conversation was feigned and the proposed evidence false; nevertheless, it was evidence to go to and be weighed by the jury. *Evans* v. *Howell,* 84 N. C., 461; *State* v. *Anderson,* 92 N. C., 732; Ros. Cr. Ev., 23; 1 Gr. Ev., §108.

There is error, and the defendant is entitled to a new trial. To that end let this opinion be certified to the Superior Court. It is so ordered.

Error. *Venire de novo.*