## STATE v. NATHAN B. DAIL.

(Filed 17 February, 1926.)

**Receiving Stolen Goods—Larceny—Evidence—Connected Crimes—Criminal Law.**

Under an indictment charging defendant with stealing an automobile, and with receiving same with a felonious intent, knowing at the time it was feloniously stolen, evidence that he and his associates who were stopping at his home, and from whom he had received it, used it under a plan then formed to burglarize a store, is competent to disprove the defendant's good faith in receiving the automobile under the circumstances, and to show his guilty knowledge and intent in the matter.

APPEAL by defendant from *Calvert, J.,* at November Term, 1925, of PERQUIMANS.

Criminal prosecution tried upon an indictment charging the defendant with the larceny of an automobile, the property of one Cahoon, valued at $300, and with receiving same, with a felonious intent, knowing at the time that it had been feloniously stolen or taken.

From an adverse verdict and judgment pronounced thereon, the defendant appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Ross for the State.*

*Herbert Leary and Ward & Grimes for defendant.*

STACY, C. J. There was ample evidence offered on the hearing to warrant the jury in finding, as it did, that the defendant, with a felonious intent, received the automobile in question, the property of one

Cahoon, valued at $300, from Sam Lougee and Lewis Powell, knowing at the time that the same had been feloniously stolen or taken and carried away by them. C. S., 4250; *S. v. Caveness,* 78 N. C., 484; *S. v. Hayes,* 187 N. C., 490.

There was evidence that the same persons who stole the automobile, used it in burglarizing the residence of Townsend Chappell, a blind merchant of Perquimans County. The defendant herein was also under indictment, charged with being an accessory to said burglary. Receipt of the automobile was admitted by the defendant, but according to his contention, he bought the same in good faith and had no reason to believe that it had been stolen. The State, on the other hand, contended that the two men who stole the automobile were stopping at the home of the defendant, and while they were negotiating in regard to its sale, plans were then being made and perfected by the three to burglarize the Chappell home in order to get some money. The two transactions or plots were thus inseparably connected, and evidence of the burglary was offered by the State to disprove the defendant's claim of good faith or to show his guilty knowledge and intent in buying and receiving the automobile.

The defendant stressfully contends that error was committed to his prejudice in permitting the State to offer this evidence, over objection, of a separate offense, tending to show that a burglary had been perpetrated in the community and in connection with which the defendant was then under indictment, but not on trial, as an accessory before the fact to such principal felony. C. S., 4175.

It is undoubtedly the general rule of law that evidence of a distinct substantive offense is inadmissible to prove another and independent crime, the two being wholly disconnected and in no way related to each other. *S. v. Adams,* 138 N. C., 688; *S. v. McCall,* 131 N. C., 798; *S. v. Graham,* 121 N. C., 623; *S. v. Frazier,* 118 N. C., 1257; *S. v. Jeffries,* 117 N. C., 727; *S. v. Shuford,* 69 N. C., 486. But to this, there is the exception as well established as the rule itself, that proof of the commission of other like offenses is competent to show the *quo animo,* intent, design, guilty knowledge or *scienter,* or to make out the *res gestæ,* or to exhibit a chain of circumstantial evidence in respect to the matter on trial, when such crimes are so connected with the offense charged as to throw light upon one or more of these questions. *S. v. Simons,* 178 N. C., 679. Proof of other like offenses is also competent to show the identity of the person charged with the crime. *S. v. Weaver,* 104 N. C., 758. The exception to the rule has been fully discussed by *Walker, J.,* in *S. v. Stancill,* 178 N. C., 683, and in a valuable note to the case of *People v. Moleneux,* 168 N. Y., 264, as reported in 62 L. R. A., 193-357.

We think the evidence, above mentioned, and which forms the basis of defendant's main assignment of error, clearly falls within the exception to the rule and was properly admitted. *S. v. Miller,* 189 N. C., 695; *S. v. Murphy,* 84 N. C., 742.

The other exceptions are without special merit. We have found no reversible error on the record, and hence the verdict and judgment will be upheld.

No error.