## STATE v. L. C. DEADMON.

(Filed 6 June, 1928.)

**Criminal Law—Evidence—Evidence of Other Crimes as Substantive Proof.**

> On trial under indictment for burning a barn to collect fire insurance thereon, C. S., 4242, evidence that the defendant at another place, at some indefinite time in the past, had another barn to burn, is incompetent and does not come within the exceptions to the general rule, there being no causal relation between the two fires, or logical or natural connection between them, and not a part of the same transaction.

CRIMINAL ACTION before *McElroy, J.,* at August Term, 1927, of DAVIE.

The defendant was charged, in a bill of indictment containing five counts, with burning a barn and its contents in order to collect the insurance thereon. The court submitted to the jury the first and second counts only. The chief witness for the State testified that the defendant attempted to induce said witness to burn the barn and suggested to him that he could take a box of shavings or waste and saturate it with kerosene, set a candle in the box, light it, and when it burned down to the contents, the shed and barn would burn down. The witness further testified that on the night of 25 August, 1925, that he hid in a pile of lumber near the barn and saw the defendant Deadmon go in the barn, saturate shavings with kerosene, light a candle and set it in the shavings. The fire occurred next day about ten or eleven o'clock. The defendant had gone to the eastern part of the State in company with Rev. Dr. Bryon Clark on the morning the fire occurred, and therefore was not in the county at the time. Twenty-three witnesses, including three deputy sheriffs of Iredell County, testified that the character of the State's witness was bad. The State's witness also admitted that he had been indicted by the defendant and charged with stealing corn and farming tools, and that twenty-three days after a warrant had been

45—195

issued against him by the defendant he went before the grand jury to give evidence in regard to the charge contained in the bill of indictment.

W. A. Scott, Deputy Insurance Commissioner, while testifying for the State, was asked on cross-examination the following question in regard to a conversation he had with the defendant after the fire: "Q. Did he tell you what the value of it was?" (referring to Ford truck in barn at the time of the fire). "A. No sir." Thereupon the witness voluntarily proceeded as follows: "The threshing (machine) he said he got from G. W. Worford, was to pay $50.00 for it; said he and his son moved it and put it in the shed. The sawmill he got from Tom Stone, traded a Ford sedan for it. Said he gave Mr. Turner a mortgage on the sawmill. Said he put one of the trucks in the shed about six or eight months before the fire. Said he moved the sawmill on 13 August, and put it in the barn. I asked him about another fire he had near Statesville."

The record shows the following: "Objection by defendant—objection overruled and defendant excepts to any statement made by witness relating to any fire near Statesville, or any conversation about it. I asked him about this fire near Statesville and he said his property did burn up there. I asked him about two automobiles that he moved out there the day before; he said he did; said he carried two old automobiles there that was out of commission and put them in the shed under the barn out there late in the afternoon and the fire occurred that night. One was a Buick and I won't be positive what the other was. To the above defendant objected—objection overruled, and defendant excepted."

There was a verdict of guilty and from the judgment of the court sentencing the defendant to the State's prison for not less than ten and not more than fifteen years at hard labor, the defendant appealed, assigning error.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*T. F. Hudson, A. T. Grant and Hayden Clement for defendant.*

BROGDEN, J. The question is this: Upon indictment for burning a barn under C. S., 4242, is evidence that another barn had burned where the defendant was living sometime prior to the burning in controversy, competent and admissible?

The point is raised by the testimony of witness Scott. It did not appear from the testimony when the fire occurred at Statesville or whether or not the defendant had insurance upon the property or not; neither did it appear as to whether or not the fire was of incendiary origin. The defendant objected to the testimony before it was offered and excepted to any statement made by the witness relating to the fire at Statesville,

notwithstanding the court permitted the testimony and after the testimony was in the case the defendant again objected and excepted.

The principle of law applicable to the facts disclosed is thus stated in *S. v. Beam,* 184 N. C., 730, 115 S. E., 176. "One who commits a crime may be more likely to commit another; yet, logically, one crime does not prove another, nor tend to prove another, unless there is such a relation between them that proof of one tends to prove the other. Unless such a relation exists, it is illegal and manifestly unfair to require a man who is charged with a specific crime in the indictment to prepare a defense against other crimes that the State may attempt to prove against him, but which are not charged in the bill. The general rule should, therefore be strictly enforced in all cases where applicable."

There are certain exceptions to this general rule, when it becomes necessary to show intent, design or guilty knowledge, to make out the *res gestæ,* to prove identity or to establish a chain of circumstantial evidence upon the offense charged. However, upon the element of intent the court held in *S. v. Jeffries,* 117 N. C., 727, 23 S. E., 163, "If such testimony be admissible to prove such intent, the 'collateral offense' sought to be proved must be confined to a time before, or just about the time, the offense charged against the defendant is alleged to have been committed." "There must be a causal relation or logical and natural connection between the two acts, or they must form parts of but one transaction. Where one offense constitutes a necessary element of another, proof may be made thereof." *S. v. Beam,* 184 N. C., 736, 115 S. E., 176.

To the same effect is the holding in *S. v. Graham,* 121 N. C., 623, 28 S. E., 409: "Evidence of a distinct, substantive offense cannot be admitted in support of another offense, as a general rule. . . . It is when the transactions are so connected or contemporaneous as to form a continuing action that evidence of the collateral offense will be heard to prove the intent of the offense charged."

Again in *S. v. Dail,* 191 N. C., 231, 131 S. E., 573, *Stacy, C. J.,* stated the rule thus: "It is undoubtedly the general rule of law that evidence of a distinct substantive offense is inadmissible to prove another and independent crime, the two being wholly disconnected and in no way related to each other." *S. v. Thompson,* 97 N. C., 496, 1 S. E., 921; *S. v. Murphy,* 84 N. C., 742; *S. v. McCall,* 131 N. C., 798, 42 S. E., 894; *S. v. Stancill,* 178 N. C., 683, 100 S. E., 241; *S. v. Beam,* 179 N. C., 768, 103 S. E., 370.

The evidence in controversy does not fall within any of the exceptions to the general rule so firmly and thoroughly established in the law. The exception of defendant thereto is sustained and a new trial awarded.

New trial.