STATE v. MARY BEST, HAZEL McMAHAN AND LEE ELLEN HARBIN.

(Filed 23 December, 1931.)

**Receiving Stolen Goods D b—Recent possession of stolen property, without more, is insufficient to raise presumption of guilt of receiving.**

Recent possession of stolen property, without more, is insufficient to raise a presumption that those in whose possession the property was found immediately after the larceny were guilty of receiving stolen property knowing at the time of the receiving that it was stolen, and where, in a prosecution for larceny and receiving, the judge charges that the State contended that such recent possession ought to satisfy the jury that the defendants either stole the goods or received them knowing them to have been stolen, whereupon the jury brings in a verdict of guilty on the second count only, a new trial will be awarded. C. S., 4250.

APPEAL by defendants from *Harding, J.,* at August Term, 1931, of CHEROKEE.

Criminal prosecution tried upon an indictment charging the defendants (1) with the larceny of shoes, dresses, hats, caps, cigarettes, etc., valued at $100, the property of R. L. Anderson, and (2) with receiving said goods and chattels knowing them to have been feloniously stolen or taken in violation of C. S., 4250.

The record discloses that the property in question was found in the possession of the defendants on the day after it had been stolen from the store of R. L. Anderson.

After the jury had been out for some time, they returned for further instructions:

Juror: We can agree on the first count, but we cannot agree on the second.

By the court: I'll take the verdict on the first count.

Juror: We cannot agree on the evidence or circumstantial evidence that they knew they were stolen goods.

By the court: The State contends that these goods were stolen from Anderson's store, 7 January, 1930; that they were found in the possession of the defendants on the following day; that there is no evidence that would explain their possession; that that possession, under the rule

of law laid down to you by the court, ought to satisfy you beyond a reasonable doubt that they either stole the goods themselves or that they received them into their possession from the person that did steal them, knowing that they were stolen. Exception.

Verdict: "Not guilty of the first count. Guilty of receiving stolen goods into their possession knowing them to have been stolen."

Judgment: Imprisonment in the State's prison: Lee Ellen Harbin 3 years; Hazel McMahan 2½ years; and Mary Best 2 years.

Defendants appeal, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*Hill & Gray and Moody & Moody for defendants.*

STACY, C. J. Conceding that the recent possession of the stolen property was a circumstance tending to show the larceny thereof by the defendants (*S. v. Hullen,* 133 N. C., 656, 45 S. E., 513), or that it raised a presumption of fact (*S. v. Anderson,* 162 N. C., 571, 77 S. E., 238), or a presumption of law (*S. v. Graves,* 72 N. C., 482), of such guilt, nevertheless, it is the holding with us that the inference or presumption arising from the recent possession of stolen property, without more, does not extend to the statutory charge (C. S., 4250) of receiving said property knowing it to have been feloniously stolen or taken. *S. v. Adams,* 133 N. C., 667, 45 S. E., 553. The two offenses, larceny and receiving, are separate and distinct, and the one is not necessarily included in the other.

Speaking to an instruction similar to the one given in the instant case, *Connor, J.,* delivering the opinion of the Court, in the case last cited, observed: "The charge of his Honor, assuming that the stolen property was found in the possession of the defendant, says to the jury that the law presumes that he is *guilty.* The question arises, guilty of what? The law says, of the theft. The jury says he is not guilty of the theft, but is guilty of receiving, etc. Under the general charge of his Honor, the jury may well have applied the language to the second count and found him guilty 'by presumption of law,' as was the view of Mr. Saddletrees in the case of Scott's unfortunate heroine, Effie Deans. Presumptions of law are useful to courts and juries in seeking to ascertain the truth, but the criminal records of all ages and people have shown that great and often irreparable wrongs have been done when they are pressed too far."

On the record as presented, the defendants are entitled to a new trial. It is so ordered.

New trial.