defendant, and that plaintiff did not contribute to the injuries to his automobile by his negligence. Plaintiff's damages resulting from this collision were assessed at $75.00.

As the result of the collision between plaintiff's automobile and the automobile owned and driven by the defendant, R. D. McGinnis, plaintiff lost control of his automobile, which, however, proceeded along the Boulevard in the direction of the city of Charlotte. It was then struck and injured by the automobile owned and driven by the defendant, H. H. Cannon, which was approaching plaintiff's automobile on the Boulevard, from the direction of Charlotte. As the result of this collision, plaintiff sustained injuries to his person. The jury found that the collision between plaintiff's automobile and the automobile owned and driven by the defendant, H. H. Cannon, was caused by the negligence of said defendant and that plaintiff did not contribute to his injuries by his negligence. Plaintiff's damages resulting from this collision were assessed at $1,100.

From judgment that plaintiff recover of the defendant, R. D. McGinnis, the sum of $75.00, and from the defendant, H. H. Cannon, the sum of $1,100, the defendant, H. H. Cannon, appealed to the Supreme Court.

*P. W. Garland for plaintiff.*
*J. Laurence Jones, J. L. DeLaney and Henry E. Fisher for defendant.*

PER CURIAM. Assignments of error relied upon by defendant, H. H. Cannon, on his appeal to this Court, cannot· be sustained. There was evidence sufficient to sustain the allegations of the complaint. This evidence was submitted to the jury by the court in a charge which is free from error. We do not deem it necessary to write an opinion in this appeal. The judgment is therefore affirmed without an opinion. C. S., 1416.

No error.

---

## STATE v. WILL ELMORE.

### (Filed 23 December, 1931.)

APPEAL by defendant from *Harding, J.,* at August-September Term, 1931, of MACON.

Criminal prosecution tried upon an indictment charging the defendant, and another, (1) with breaking and entering a garage, (2) with the larceny of "one Model T, 1927, Ford automobile," valued at $200, the property of E. O. Rickman, and (3) with receiving said automobile

knowing it to have been feloniously stolen or taken in violation of C. S., 4250.

The case was submitted to the jury on the presumption that: "When goods are stolen, one found in possession so soon thereafter that he could not have reasonably got the possession unless he had stolen them himself, the law presumes he was the thief." *S. v. Graves,* 72 N. C., 482; *S. v. McRae,* 120 N. C., 608, 27 S. E., 78.

Verdict: "Guilty on the third count in the bill of indictment."

Judgment: Eight months on the roads.

Defendant appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*George B. Patton and Edwards & Leatherwood for defendant.*

PER CURIAM. The case is controlled by the decision in *S. v. Best,* 202 N. C., 9, and *S. v. Adams,* 133 N. C., 667, 45 S. E., 553.

New trial.

---

## L. DALE THRASH v. C. B. ROBERTS AND REX S. SMATHERS, AND C. B. ROBERTS v. L. DALE THRASH AND REX S. SMATHERS.

(Filed 23 December, 1931.)

APPEAL by C. B. Roberts from *Harding, J.,* at June Term, 1931, of BUNCOMBE. Affirmed.

The above entitled actions were consolidated by consent and tried in the General County Court of Buncombe County. From judgment rendered by said court, C. B. Roberts appealed to the Superior Court of Buncombe County. The assignments of error on said appeal were not sustained.

From judgment affirming the judgment of the general county court, C. B. Roberts appealed to the Supreme Court.

*Wells, Blackstock & Taylor for L. Dale Thrash, appellee.*

*Lincoln L. Kellogg for C. B. Roberts, appellant.*

PER CURIAM. The assignments of error on this appeal are not sustained. There is no error in the judgment of the Superior Court.

We do not deem it necessary to file a written opinion in this appeal and therefore affirm the judgment without an opinion. C. S., 1416.

Affirmed.