STATE v. FARLEY LOWE.

(Filed 26 April, 1933.)

**Receiving Stolen Goods D b—**

Recent possession of stolen property, without more, is insufficient to raise a presumption of guilt of the statutory charge of receiving said property knowing it to have been stolen. C. S., 4250.

APPEAL by defendant from *Clement, J.,* at February Special Term, 1933, of GUILFORD.

Criminal prosecution tried upon an indictment charging the defendant (1) with the larceny of an automobile, valued at $500, the property of one Boyd C. Royalls, and (2) with receiving said automobile, valued at $500, the property of the said Boyd C. Royalls, knowing it to have been feloniously stolen or taken in violation of C. S., 4250.

The evidence tends to show that on the night of 14 July, 1930, the prosecuting witness' automobile was stolen in High Point. Eight days thereafter it was found in Chesterfield, S. C. The defendant had been arrested as the suspected thief and lodged in jail. The defendant told

the prosecuting witness that Bill Payne came by his home with the car and brought him to South Carolina with the promise that he would get some money and pay him what he owed him.

Verdict: Guilty of receiving.

Judgment: Two years on the roads.

Defendant appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*George A. Younce, Adam Younce and John R. Hughes for defendant.*

STACY, C. J. Conceding that the recent possession of the stolen automobile (if, indeed, the evidence establishes such possession, which may be doubted) was a circumstance tending to show the larceny thereof by the defendant (*S. v. Best,* 202 N. C., 9, 161 S. E., 535), still it is the holding with us that the inference or presumption arising from the recent possession of stolen property, without more, does not extend to the statutory charge (C. S., 4250) of receiving said property knowing it to have been feloniously stolen or taken. *S. v. Adams,* 133 N. C., 667, 45 S. E., 553.

There was not sufficient evidence to justify a conviction on the second count in the bill.

Reversed.