STATE v. CLARENCE A. SMITH.

(Filed 10 May, 1933.)

**Indictment E c—Proof of guilt of crime other than the one charged held erroneously admitted, entitling defendant to new trial.**

Where the indictment charges the defendant with breaking and entering a certain store in a specified county and stealing certain property therefrom and with receiving stolen property, evidence of breaking and entering another store in another county is incompetent even upon the charge of receiving, since the receiving count applied to property alleged to have been stolen from the store specified in the indictment, the testimony not coming within any of the exceptions to the rule that evidence of guilt of a distinct and substantive offense is inadmissible to prove another and independent crime.

CRIMINAL ACTION, before *Stack, J.,* at October Term, 1932, of FORSYTH.

The defendant and another were indicted upon three counts. The first count charged that on 31 July, 1932, the defendants did break and enter a certain store house of S. E. Hauser and Company and did steal, take and carry away certain personal property. The second count charged stealing and transportation of certain articles from said store, consisting of cigarettes, smoking tobacco, dresses, etc. The third count was for receiving the said goods and chattels of S. E. Hauser and Company.

The evidence tended to show that the store house of Hauser and Company, was broken into and certain cigarettes, snuff, tobacco and shoes had been taken, and that the store of the defendant Smith was searched and certain snuff, cigarettes, and chewing tobacco were found in his store. The labels were torn off some of these boxes and cartons, and the brands of snuff, cigarettes, etc., corresponded with brands missing from the Hauser stores. The defendant Smith made no objection to the search. The evidence further tended to show that the defendant sold tobacco and cigarettes in his place of business and was generally considered as a wholesale tobacco dealer.

There was a verdict of guilty as to both defendants. Smith was sentenced to the State prison for not less than three nor more than five years, from which judgment he appealed.

*Attorney-General Brummitt and Assistant Attorneys-General Seawell and Siler for the State.*

*Parrish & Deal for defendant.*

BROGDEN, J. The State introduced evidence that a store owned by S. E. Hauser and Company at King, in Surry County, had been broken into, and certain tobacco, cigarettes, etc., had been stolen therefrom.

The defendant objected to all of this testimony because the bill of indictment charged the breaking and entering of the store of Hauser Brothers in Forsyth County, and stealing, transporting and receiving stolen goods therefrom. Evidence of the crime in Surry County was apparently admitted upon the theory that it was competent upon the count for receiving stolen goods. The pertinent rule of competency declared and adhered to in this State is that: "Evidence of a distinct, substantive offense cannot be admitted in support of another offense, as a general rule. . . . It is when the transactions are so connected or contemporaneous as to form a continuing action that evidence of the collateral offense will be heard to prove the intent of the offense charged. It is undoubtedly the general rule of law that evidence of a distinct substantive offense is inadmissible to prove another and independent crime, the two being wholly disconnected and in no way related to each other. *S. v. Graham*, 121 N. C., 523, 28 S. E., 537; *S. v. Dail*, 191 N. C., 231, 131 S. E., 573; *S. v. Deadmon*, 195 N. C., 705, 143 S. E., 514. There are certain exceptions to the general rule. However, the testimony assailed in this case cannot be classified within any of said exceptions. Nor was the evidence competent upon the count for receiving. The receiving count applied to personal property stolen or alleged to be stolen from the Hauser store in Forsyth County.

There are many other exceptions in the record, but it is deemed inadvisable to discuss them for the reason that the defendant is entitled to a new trial for the error suggested.

New trial.