STATE v. JIM (J. W.) MORRISON AND JESSE ROBINSON.

(Filed 27 February, 1935.)

**1. Receiving Stolen Goods A b—**

Felonious intent in receiving stolen goods with knowledge at the time that they had been stolen is necessary to a conviction under C. S., 4250, and a charge which fails to submit the question of such intent to the jury entitles defendant to a new trial.

**2. Receiving Stolen Goods B d—**

In a prosecution under C. S., 4250, it is not required that the jury should determine the value of the goods in its verdict.

APPEAL by defendant from *Sink, J.,* at July Term, 1934, of MECKLENBURG.

Criminal prosecution, tried upon indictment charging the defendants Jim Morrison and Jesse Robinson (1) with the larceny of 65 chickens and 5 turkeys, of the value of $25, the property of Caldwell Bradford, and (2) with feloniously receiving said chickens and turkeys, etc., knowing them to have been feloniously stolen or taken in violation of C. S., 4250.

The State's evidence tends to show that by arrangement with Jesse Robinson, Dewey Allison and Alf Sloan, on the night of 9 November, 1933, raided the poultry yard of Caldwell Bradford, stole four sacks of chickens and five turkeys, carried them to Highway No. 74 and there delivered them to Jim Morrison and Jesse Robinson, a white man and colored man, who were waiting with a Chevrolet truck. There were no lights on the truck. Allison and Sloan were to get 30 cents each for the chickens and 50 cents for the turkeys. Jesse Robinson promised to pay for them the next day, but he never did.

In the course of the trial Jesse Robinson fled the jurisdiction, and a mistrial was ordered as to him. The case proceeded against Jim Morrison.

Verdict: Guilty.

Judgment: Imprisonment in the State's prison at hard labor for not less than 3½ years nor more than 7 years.

Defendant appeals, assigning errors.

*Attorney-General Seawell and Assistant Attorney-General Bruton for the State.*

*Armfield, Sherrin & Barnhardt for defendant.*

STACY, C. J. The following excerpt taken from the charge forms the basis of one of the defendant's exceptive assignments of error:

"The court tells you that. receiving stolen goods, knowing them to have been stolen, means exactly what the language implies; taking into one's possession the goods, wares, and chattels of another, knowing at the time of such taking that the goods were stolen, or under such circumstances as would put a reasonably prudent man on notice that such goods are stolen."

It will be observed the indictment charges the defendant with "feloniously" receiving stolen goods, knowing them to have been feloniously stolen or taken, and he has been "punished as one convicted of larceny." C. S., 4250. Thus, it would seem, under the indictment as drawn, the intent with which the defendant received the stolen goods, knowing at the time that they had been feloniously stolen or taken, was inadequately submitted to the jury. *S. v. Caveness,* 78 N. C., 484; *S. v. Rushing,* 69 N. C., 29; *S. v. Dail,* 191 N. C., 231, 131 S. E., 573; *S. v. Bethel,* 97 N. C., 459, 1 S. E., 551; *S. v. Eunice,* 194 N. C., 409, 139 S. E., 774.

Personal-profit motive is not essential. It was said in *S. v. Rushing, supra,* that intent to aid the thief, with the other elements present, would render the receiver guilty. But, of course, one who receives stolen goods for a lawful purpose, *i.e.,* an officer making arrest, incurs no criminal responsibility by taking such goods into his possession. The law does not condemn where the heart is free from guilt.

The indictment is under C. S., 4250, and not under C. S., 4251. It is provided in the latter statute that if the value of the stolen property be in doubt, "the jury shall, in the verdict, fix the value of the property stolen." *S. v. Spain,* 201 N. C., 571, 160 S. E., 825.

For the error as indicated, the defendant is entitled to a new trial, and it is so ordered.

New trial.