STATE v. W. P. YOW, JR.

(Filed 5 June, 1947.)

**1. Receiving Stolen Goods § 8—**

A verdict of "guilty of receiving stolen goods" is insufficient to support a judgment imposing sentence for receiving stolen goods knowing them to have been stolen.

**2. Receiving Stolen Goods § 6—**

Evidence that the witness had had a pistol stolen from his car in front of defendant's sandwich shop, that defendant was advised of the theft and promised if he found out anything about it he would let the witness know and try to get the pistol back for him, and that some two months thereafter the pistol was found upon search in defendant's absence in a dresser drawer in the bedroom of defendant's wife, *is held* insufficient to be submitted to the jury in a prosecution for receiving stolen goods knowing them to have been stolen, since the evidence fails to show defendant received the property, or, if he did, that he had felonious intent.

**3. Receiving Stolen Goods § 4—**

The inference arising from the recent possession of stolen property has no application to a charge of receiving.

**4. Receiving Stolen Goods § 2—**

The offense pronounced by G. S., 14-71, consists of receiving with guilty knowledge and felonious intent goods which previously had been stolen, and sufficient evidence of all the essential elements of the offense must be made to appear in order to sustain a conviction.

BARNHILL, J., dissents.

APPEAL by defendant from *Clement, J.,* at January Term, 1947, of FORSYTH. Reversed.

The defendant was indicted for the larceny of a pistol, the property of J. H. Hemrick, Jr. There was a second count in the bill charging defendant with receiving the stolen pistol knowing it to have been stolen.

From the evidence offered by the State it appeared that Hemrick's pistol was stolen from the glove compartment of his automobile while it was in front of defendant's sandwich shop, and that defendant, whom Hemrick had known for 25 years, had seen him place it there, and was later advised of the theft. However, others had been, at the time, about the shop and the automobile. The evidence was not clear whether de-

fendant had opportunity to take it or not. Hemrick expressed opinion that he did not think defendant had stolen his pistol, and defendant said if he found out anything about it he would let Hemrick know and try to get the pistol for him.

The State offered evidence that two months later officers with search warrant went to defendant's place. Defendant was away from home. The officers saw Mrs. Yow in the bedroom, sick in bed, and asked her where the automatic Colt pistol was, and she said in the dresser drawer. The officers found the pistol lying in the top drawer not concealed. Hemrick identified the pistol as his.

The jury returned verdict "guilty of receiving stolen goods." Upon that verdict judgment was rendered imposing sentence. Defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*
*William H. Boyer and H. Bryce Parker for defendant.*

Devin, J. The failure of the jury to find the defendant guilty of larceny amounted to an acquittal on that charge, and the verdict "guilty of receiving stolen goods" was insufficient to support the judgment on the second count in the bill, entitling the defendant to a *venire de novo* on that count. *S. v. Shew,* 194 N. C., 690, 140 S. E., 621; *S. v. Cannon,* 218 N. C., 466, 11 S. E. (2d), 301.

However, the defendant insists the evidence offered was insufficient to show that with felonious intent he received the stolen article knowing at the time that it was stolen, and that having been acquitted of the charge of larceny he was entitled to nonsuit on the second count.

Conceding that there was evidence that the pistol was stolen, and that the defendant was made aware of that fact shortly after the theft, the only remaining question for decision was whether there was sufficient evidence to go to the jury that the defendant with felonious intent received the pistol with knowledge at the time that it had been stolen. *S. v. Morrison,* 207 N. C., 804, 178 S. E., 562; *S. v. Oxendine,* 223 N. C., 659, 27 S. E. (2d), 814. On this point the only evidence is that two months after the theft the pistol was found in a dresser drawer in the bedroom of defendant's wife (presumably the room also ordinarily occupied by the defendant when at home). The defendant was not present. There was no suggestion as to how the pistol came to be there. The defendant was acquitted of the larceny. Presumably the pistol, if stolen, was stolen by someone else, and to make defendant guilty on the second count he must have received the stolen pistol with felonious intent. Evidence merely that it was found in a drawer in defendant's wife's bedroom would seem to be lacking in sufficient probative value to war-

rant conviction on the charge of receiving stolen goods knowing them to have been stolen. The evidence fails to show that the defendant received the stolen article, or, if so, to negative the reasonable inference that it was for the purpose of returning it, as he had promised to do. The inference arising from the recent possession of stolen property has no application to the charge of receiving. *S. v. Best,* 202 N. C., 9, 161 S. E., 535; *S. v. Lowe,* 204 N. C., 572, 169 S. E., 180.

Receiving stolen goods knowing them to have been stolen is a statutory offense. G. S., 14-71. The criminality of the action denounced by the statute consists in receiving with guilty knowledge and felonious intent goods which previously had been stolen. Sufficient evidence of all the essential elements of the offense must be made to appear in order to sustain a conviction. *S. v. Minton,* 61 N. C., 196; *S. v. Adams,* 133 N. C., 667, 45 S. E., 553; *S. v. Oxendine, supra; S. v. Fowler,* 117 W. Va., 761, 188 S. E., 137; 68 A. L. R., 187; 45 A. J., 386.

In view of defendant's acquittal on the charge of larceny and the insufficiency of the evidence on the second count, we think the defendant is entitled to the allowance of his motion for judgment of nonsuit, and that the judgment must be

Reversed.

BARNHILL, J., dissents.