### STATE v. T. D. LARKIN.

(Filed 19 May, 1948.)

**1. Receiving Stolen Goods § 6—**

Evidence in this case *held* sufficient to be submitted to the jury upon the charge of receiving stolen property with knowledge that it had been feloniously stolen.

**2. Receiving Stolen Goods § 4—**

Recent possession of stolen property, without more, raises no presumption in a prosecution for receiving stolen goods with knowledge that they had been feloniously stolen, G. S., 14-71, and an instruction that recent possession raised no presumption of guilt but raised a presumption of fact to be considered by the jury in passing upon the guilt or innocence of defendant, must be held for reversible error.

APPEAL by defendant from *Harris, J.,* at November Term, 1947, of ROBESON.

Criminal prosecution upon indictment charging in two counts, substantially, that defendant (1) did on 14 March, 1947, feloniously steal, take and carry away a certain Mercury motor vehicle, an automobile, of the value of $1,000, property of one H. B. Wentz, and (2) on same date did feloniously receive and have said automobile, knowing it to have been

feloniously stolen, taken and carried away, contrary to the form of the statute in such case made and provided.

The defendant pleaded not guilty.

And upon the trial below motion of defendant for judgment as of nonsuit as to the first count, entered when the State first rested its case, was granted by the court. But like motion entered at same time as to the second count, was overruled, and the trial proceeded on this count only. Defendant, reserving exception to the denial of his latter motion, offered evidence, and renewed the motion at the close of all the evidence,—to the denial of which he excepted.

Verdict: Guilty of receiving stolen goods knowing them to be stolen.

Judgment: Imprisonment in jail, and assigned to work under the supervision of the State Highway and Public Works Commission for a term of twelve months.

Defendant appeals therefrom to Supreme Court and assigns error.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*McKinnon & Seawell for defendant, appellant.*

WINBORNE, J. The evidence shown in the record, considered in the light most favorable to the State, is sufficient to take the case to the jury on the charge, under G. S., 14-71, of receiving the automobile in question, knowing it to have been feloniously stolen or taken. Hence the assignment of error based upon exception to denial of defendant's motion for judgment as of nonsuit entered at close of all the evidence is held to be untenable.

However, defendant properly assigns as error the portion of the charge in which the court instructed the jury as follows: "There is no presumption of guilt because he had this car in his possession; that is a presumption of fact for you to consider, but not a presumption of guilt."

The effect of this instruction is that while in the trial of a person on a charge of receiving property knowing it to have been feloniously stolen or taken, recent possession of the stolen property raises no presumption of guilt, it is a presumption of fact for the jury to consider in passing upon the guilt or innocence of defendant. This runs counter to the established rule of law in this State, and entitled defendant to a new trial.

It is the holding of this Court that the inference or presumption arising from the recent possession of stolen property, without more, does not extend to the statutory charge (G. S., 14-71) of receiving such property knowing it to have been feloniously stolen or taken. *S. v. Adams,* 133 N. C., 667, 45 S. E., 553; *S. v. Best,* 202 N. C., 9, 161 S. E., 535; *S. v.*

*Lowe,* 204 N. C., 572, 169 S. E., 180.  See also *S. v. Oxendine,* 223 N. C., 659, 27 S. E. (2d), 814.

For error indicated above, let there be a

New trial.