State v. Jackson

---

STATE OF NORTH CAROLINA v. ELLIOTT JUNIOR JACKSON

No. 7326SC624

(Filed 14 November 1973)

Forgery § 2— uttering forged check — sufficiency of evidence
    The State's evidence was sufficient for the jury in a prosecution for uttering a forged check where it tended to show that two checks were stolen from a business, that defendant cashed a check for $350 made payable to him and purportedly signed by the owner of the business, and that the signature on the check was not actually that of the owner.

APPEAL by defendant from *Hasty, Judge,* 7 May 1973 Session of Superior Court held in MECKLENBURG County.

This is a criminal action where the defendant, Elliott J. Jackson, was tried on a bill of indictment, proper in form, charging him with uttering a forged check in violation of G.S. 14-120.

From a verdict of guilty and imposition of a prison sentence of not less than six years nor more than eight years, the defendant appealed.

*Attorney General Robert Morgan and Assistant Attorney General Russell G. Walker, Jr., for the State.*

*Oliver, Howard, Downer, Williams & Price by Paul J. Williams for defendant appellant.*

HEDRICK, Judge.

The one question presented on this appeal is whether the court erred in denying the defendant's timely motions for judgment as of nonsuit. Upon a motion for judgment as of nonsuit the trial court is required to consider the evidence in the light most favorable to the State, take it as true, and consider every reasonable inference arising from the evidence. *State v. McClain,* 282 N.C. 357, 193 S.E. 2d 108 (1972) ; *State v. McNeil,* 280 N.C. 159, 185 S.E. 2d 156 (1971).

The material evidence offered by the State tends to show the following:

During the late evening or early morning of December 20-21, 1972, the offices of the J. King Harrison, Jr., Company, located in Charlotte, were forcibly entered, a filing cabinet forced open, and two checks from the checkbook of the Supreme Felt Corporation (a felt business owned by J. King Harrison, Jr.) were found missing the next day. J. King Harrison, Jr., and Mrs. Walters, his secretary, were the only two people authorized to draw checks on the account of the Supreme Felt Corporation at the North Carolina National Bank.

On 22 December 1972 Lester McCoy, manager of the Men's Smart Shop, cashed a check presented by defendant, payable to defendant, in the sum of Three Hundred and Fifty Dollars ($350.00), One Hundred Dollars ($100.00) of which was in payment for the purchase of clothes by defendant. This check contained the purported signature of J. King Harrison, Jr.;

however, the State offered evidence that the signature was not that of Harrison. Further evidence established that defendant had been employed formerly by J. K. Harrison, Jr.; but this employment had terminated six or seven years prior to 20 December 1972. Defendant offered no evidence.

To prevent the granting of a judgment as of nonsuit the State must prove the elements of the crime of uttering a forged instrument as contained in G.S. 14-120. "Uttering a forged instrument consists in offering to another a forged instrument with knowledge of the falsity of the writing and with intent to defraud. 2 Wharton's Criminal Law and Practice, Anderson Ed., Forgery and Counterfeiting, § 648." *State v. Greenlee*, 272 N.C. 651, 657, 159 S.E. 2d 22 (1967).

Considering the evidence in the light most favorable to the State, we hold that it is sufficient to establish all of the necessary elements of the crime of uttering a forged instrument and to support a verdict of guilty of that charge. *State v. Greenlee*, *supra*.

No error.

Chief Judge BROCK and Judge BRITT concur.