State v. Keys

STATE OF NORTH CAROLINA v. ANDREW KEYS

No. 772SC567

(Filed 21 December 1977)

Criminal Law § 73.2; Forgery § 2— uttering check with forged endorsement— knowledge that endorsement forged— evidence improperly excluded

In a prosecution for uttering a check with a forged endorsement, the trial court erred in refusing to allow defendant to testify as to what a third person told him when she gave him the check, since the evidence was not hearsay but was relevant to the issue of defendant's knowledge that the endorsement on the check was forged.

APPEAL by defendant from *Crissman, Judge.* Judgment entered 20 April 1977 in Superior Court, BEAUFORT County. Heard in the Court of Appeals 15 November 1977.

Defendant was indicted for uttering a check with a forged endorsement. Evidence showed that on 3 or 4 May 1976, Mrs. Leona Battle's social security check disappeared from her purse. Defendant had access to the purse. On 4 May 1976, defendant cashed the check at Barber's Gulf Service. At that time the check was endorsed with Leona Battle's name and defendant added his own. Defendant testified that he had cashed the check for Mary Battle, a relative of his wife.

Defendant was found guilty as charged. He was sentenced to four to six years in prison.

*Attorney General Edmisten, by Associate Attorney Robert W. Newsom III, for the State.*

*Carter, Archie & Grimes, by Samuel G. Grimes, for defendant appellant.*

VAUGHN, Judge.

Defendant offered his own version of the events leading to his cashing the check at Barber's Gulf Service. He testified that he got the check from Mary Battle, his wife's cousin. When he began to explain what she had told him in connection with the transaction, the following exchange took place.

"Q. You came out . . .

A. She [Mary Battle] was sitting in the car and she asked me . . .

Q. Sitting in whose car?

A. Sitting in my car and asked me . . .

MR. GRIFFIN: Objection.

COURT: Don't tell what she said.

A. That's the only way I can explain, your Honor.

COURT: Well you can't tell what she said.

     EXCEPTION NO. 3

     I got the check from her and I gave her money for it, $83.30. The check was endorsed with Leona Battle's name on the back of it.

Q. Did you ask Mary Battle what she was doing with Leona Battle's check?

MR. GRIFFIN: Objection.

COURT: Sustained."

The court declined defendant's request that the answers be put in the record. On cross-examination, it appeared that among other things defendant wished to testify that he understood that Mary was Leona's niece and that she had Leona's permission to get the check cashed.

Defendant correctly contends that the judge erred when he excluded the testimony. The exclusion was apparently based on the notion that the question called for "hearsay" testimony. Evidence is "hearsay" when its probative force depends upon the competency and credibility of some person other than the witness by whom it is sought to produce it. *Chandler v. Jones*, 173 N.C. 427, 92 S.E. 145 (1917). The testimony was not offered to establish the truth of what Mary Battle told the witness. It was only offered to prove, by defendant's testimony, that Mary Battle had made the declaration. The credibility of defendant and not of Mary Battle was before the jury, and he should have been allowed to answer the question. *State v. Griffis*, 25 N.C. 504 (1843). The excluded testimony was highly relevant to the case being tried. Knowledge that the endorsement was forged is an essential element of the offense of uttering an instrument with a forged or false endorsement. *State v. Greenlee*, 272 N.C. 651, 159 S.E. 2d 22 (1968); *State v. Jackson*, 19 N.C. App. 749, 200 S.E. 2d 199 (1973); *State v. Wyatt*, 9 N.C. App. 420, 176 S.E. 2d 386 (1970).

If the jury believed *defendant's* testimony, they could have found that he came by the check honestly and uttered it without knowing that it carried a forged endorsement. A similar set of circumstances was presented in *State v. Bethel*, 97 N.C. 459, 1 S.E. 551 (1887). In that case, Bethel was being tried for receiving stolen goods, a peck of chestnuts. The court excluded testimony from Bethel that one Harris told defendant that the chestnuts belonged to Harris and his partner Branch and that the pair wanted Bethel to sell the chestnuts for them. Justice Merrimon, for the Court, held that how defendant came by the chestnuts was a material inquiry. The Court held that defendant should have been able to relate to the jury that defendant contended Harris told him. The Court added, "It may be that the suggested conversation was feigned and the proposed evidence false; nevertheless, it was evidence to go to and be weighed by the jury."

In the present case, the jury may not have believed defendant's testimony. He was, however, entitled to have the jury consider it.

For the reasons stated, defendant is awarded a new trial.

New trial.

Judges BRITT and PARKER concur.